495 P.2d 1338

Dewan GANGADEAN and V. D. Gangadean, husband and wife, Appellants,

v.

Carl S. ERICKSON and Nancy J. Erickson, husband and wife, Appellees.

No. 1 CA–CIV 1555.

Court of Appeals of Arizona, Division 1, Department B.

April 18, 1972.

Rehearing Denied May 12, 1972.

Review Denied July 11, 1972.

Dewan Gangadean and V. D. Gangadean, in pro. per.

Pain & Julian, by Theodore A. Julian, Phoenix, for appellees.

JACOBSON, Judge.

This appeal involves a forcible entry and detainer action commenced by a tenant against his landlord. The basic questions raised by this appeal pertain to the sufficiency of the evidence to sustain the jury

verdict and the refusal of the trial court to allow the landlord's counterclaim to go to the jury. Carl S. and Nancy J. Erickson, the plaintiff-appellees (Erickson) had taken possession of a business office in a building owned by Dewan and V. D. Gangadean, defendants-appellants (Gangadean) under a written lease which was to terminate on August 11, 1970. The lease provided, among other things, that in the event of litigation the prevailing party would be entitled to attorney's fees. On June 15, 1970 Erickson went to his real estate office and found workmen inside remodeling it for a new tenant. Sometime thereafter, he tried to enter his office but was unable to because the front door lock had been changed. Faced with a lockout, Erickson, the tenant, brought a forcible entry and detainer action against his landlord, Gangadean, who subsequently requested a jury trial.

The jury returned a verdict for Erickson having found Gangadean guilty of forcible entry and detainer, and awarded Erickson $225 in attorney's fees plus $175 for loss of use of the property. The judgment which incorporated the verdict granted restitution of the premises to the plaintiff. On July 27, 1970 the judgment was amended by including the additional sum of $13.33 per day for loss of use of the property from July 15 through July 27.

Gangadean initially contends that this case is not a forcible entry and detainer action but rather a case involving a dispute over proration of rent.

A forcible entry and detainer action is a summary statutory remedy for obtaining possession of premises by one entitled to actual possession. Casa Grande Trust Co. v. Superior Court, 8 Ariz.App. 163, 444 P.2d 521 (1968). Actual physical possession is not required as a prerequisite to the bringing of such an action if possession is claimed by one who contends that he is entitled to exercise dominion and control and has not abandoned that claim. Wamble v. Evants, 23 Ariz. 307, 203 P. 544 (1922).

The complaint alleges that the parties had entered into a lease and the tenant

Erickson had a right to possess the demised premises until August 11, 1970. Furthermore, the complaint alleges that Erickson had been deprived of the full use and enjoyment of the said premises by reason of defendant's forcible entry. We hold that plaintiff's complaint properly states a forcible entry and detainer cause of action.

Gangadean next contends that Erickson abandoned the premises prior to the expiration of his leasehold and therefore his re-entry was not improper.

Abandonment occurs when the lessee vacates the premises "with intent to relinquish all rights therein." 51C C.J.S. Landlord & Tenant § 125(2) (1968). Intent can be shown by words or conduct. See, People v. Urfer, 274 Cal.App.2d 307, 79 Cal.Rptr. 60 (1969). The question of abandonment is a factual one depending upon all of the surrounding circumstances. Riggs v. Murdock, 10 Ariz.App. 248, 458 P. 2d 115 (1969). Accordingly, unless reasonable men could not differ, a jury question was presented as to whether plaintiff's words or conduct constituted an abandonment of the demised premises.

An examination of the record reveals a conflict in the testimony of the parties. On direct examination appellee testified that he gave the key to Gangadean upon request so that he could show the premises to prospective tenants. It was not his intent that the landlord retake possession. Plaintiff further testified that no definite agreement had been reached with Gangadean regarding the proration of rent if a new tenant took occupancy prior to expiration of the lease. On the other hand, Gangadean testified that a mutual agreement had been reached with Erickson regarding substitution of tenants and he had asked for the key because Erickson was giving up the place. Gangadean further testified that all signs of business activity had ceased: all twelve telephones had been taken out, and a sign was prominently placed in the office showing the new location of the appellee's real estate office. Erickson countered this testimony by saying he had transferred his real estate busi-

ness to a nearby location which he had occupied since January, 1970, a period of nearly four months prior to the time he gave notice of intent not to renew his lease of the premises. He further testified that the former office, which still contained some items of furniture and various real estate licenses, was used as a training center for new sales personnel.

Where the facts have been disputed an appellate court will not disturb the jury's findings unless those findings are not supported by the evidence. Parrish v. Camphuysen, 107 Ariz. 343, 488 P.2d 657 (1971). From an examination of the transcript we believe that the court properly submitted to the jury the question of whether plaintiff by his words or actions indicated an intent to abandon the premises and the jury's determination of this issue on conflicting testimony is binding on us.

Gangadean next questions the sufficiency of the evidence to sustain the jury's verdict finding him guilty of a forcible entry and detainer. This is merely a rehash of the arguments concerning abandonment and need not be further discussed.

Gangadean urges that it was error for the trial court to refuse to submit instructions on his counterclaim to the jury. The only issue to be determined in a forcible entry and detainer action is the actual right to possession. A.R.S. § 12–1177; Casa Grande, supra. Counterclaims, cross-complaints, or off-sets are not available. Olds Bros. Lumber Co. v. Rushing, 64 Ariz. 199, 167 P.2d 394 (1946). The reason for denying counterclaims and the like and limiting judgment only to possession, costs, and recovery for unpaid rent is to preserve the proceeding as a summary remedy. Allowing other claims would increase the issues and protract the action. For a discussion of the Arizona forcible entry and detainer statute see: Baird, "A Study of Arizona Lease Termination". 9 Ariz.L.Rev. 199–204 (1967). The trial court properly excluded this issue from the jury's consideration in this summary proceeding.

Though defendant's counterclaim for damages allegedly caused by plaintiff's failure to pay utility bills and to repair the premises is not permissible in this type of action, this does not mean that he is without a remedy, for he can, assuming the statute of limitations has not run, pursue this claim in a separate proceeding. The forcible entry and detainer proceeding is not a bar to a subsequent action for waste, damage, rent, or breach of the lease. A.R.S. § 12–1183; Olds Bros., supra.

Lastly, appellant contends that the judgment was in error because it exceeded the specific jury verdict. The jury's verdict was silent as to restitution of the premises but the court's judgment granted restitution. The singular purpose of this summary proceeding is to determine the right to possession. Olds Bros. Lumber Co., supra. A.R.S. § 12–1178 provides for return of the premises if plaintiff is the prevailing party. The jury found defendant guilty of forcible entry and detainer; therefore it was incumbent upon the trial court to include in its judgment restoration of the premises to the plaintiff. The amount of damages awarded to plaintiff covered the period from June 15 through July 27 and restitution of the property was for the unexpired portion of the term, July 28 to August 11, 1970. Hence, we find no inconsistency between the verdict and the judgment.

The court expressly notes that the following questions were not raised at trial, nor were they argued on appeal: whether in a forcible entry and detainer action attorney's fees based upon a contract, and damages for loss of use of the property, when the tenant is suing are recoverable. Since defendant has not questioned the propriety of these claimed damages, we express no opinion as to the right of a tenant to claim damages for loss of use in an action for forcible entry and detainer.

The plaintiff has, however, requested that the case be remanded to the trial court for an assessment of additional attorney's fees incurred on appeal by reason of the lease. The court entertains serious

doubts as to the propriety of awarding attorney's fees based upon contract in a forcible entry and detainer action.

This action being purely statutory is controlled by statute both as to procedure and damages collectible therein. *See*, Covina Manor v. Hatch, 133 Cal.App.2d 790, 284 P.2d 580 (1955). A.R.S. § 12–1178 provides:

> "If a defendant is found guilty, the court shall give judgment for plaintiff for restitution of the premises and for costs and, at plaintiff's option, for all rent found to be due and unpaid. . . ."

Nowhere do the Arizona statutes on forcible entry and detainer provide for collection of attorney fees.

We therefore decline to perpetuate defendant's lack of objection in this regard, and refuse plaintiff's request for additional attorney's fees on appeal.

For the foregoing reasons, the judgment is affirmed.

HAIRE, C. J., and EUBANK, J., concur.