671 P.2d 907

DVM CO., a joint venture,
Plaintiff-Appellant/Cross-Appellee,

v.

STAG TOBACCONIST, LTD., an Arizona corporation,
Defendant-Appellee/Cross-Appellant.

No. 16604–PR.

Supreme Court of Arizona,
In Banc.

Oct. 5, 1983.

Reconsideration Denied Nov. 8, 1983.

Murphy & Posner by K. Bellamy Brown, Phoenix, for plaintiff-appellant cross-appellee.

Daughton, Feinstein & Wilson by Allen L. Feinstein, Jeffrey S. Leonard, Phoenix, for defendant-appellee cross-appellant.

GORDON, Vice Chief Justice:

In October, 1976 Stag Tobacconist, Ltd. (Stag) and DVM, Co. (DVM) entered into a commercial lease agreement pursuant to which Stag rented retail office space from DVM. The parties' lease provided that if either party instituted "any action or proceeding against the other relating to the provisions of this Lease * * * the prevailing party in such action or proceeding shall be entitled to recover from the other party its reasonable costs, expenses and attorney's fees."

DVM eventually commenced a forcible entry and detainer action against Stag for a non-payment of rent. The trial court granted summary judgment in favor of Stag which the Court of Appeals affirmed on appeal.

After the Court of Appeals filed its decision Stag submitted a statement of costs and application for attorney's fees pursuant to the terms of the lease, A.R.S. § 12–341.-01, and Ariz.R.Civ.App.P. 21(c). DVM objected to the request for attorney's fees. The Court of Appeals sustained the objection regarding attorney's fees but awarded Stag $80 in costs. It is from the denial of attorney's fees that Stag now appeals. We have jurisdiction of this matter pursuant to Ariz. Const. art. 6, § 5(3) and Ariz.R.Civ.P. 23. We approve the ruling of the Court of Appeals.

We accepted review of this matter to decide the following question: May attorney's fees be awarded to the prevailing party as part of the court's judgment in a forcible entry and detainer action?[1] Stag initially directs the Court's attention to two cases in which the Court of Appeals impliedly held that attorney's fees were recoverable. In both *Thompson v. Harris,* 9 Ariz. App. 341, 452 P.2d 122 (1969) and *Concannon v. Yewell,* 16 Ariz.App. 320, 493 P.2d 122 (1972) the trial court's award of attorney's fees was reversed on the ground that there was insufficient evidence to establish that the amount of fees awarded were "reasonable." Stag argues that by considering the reasonableness of the attorney's fees the Court of Appeals must have initially concluded that attorney's fees were in fact allowable. Neither of the cases directly address the substantive question of whether attorney's fees are allowable under the statutory scheme dealing with forcible entry and detainer actions. Therefore, we do not believe that they are dispositive of the issue being addressed in this case.

Forcible entry and detainer is a statutory proceeding, the object of which is to provide a summary, speedy and adequate means for obtaining possession of premises by one entitled to actual possession. *Heywood v. Ziol,* 91 Ariz. 309, 372 P.2d 200 (1962); *Casa Grande Trust Company v. Superior Court,* 8 Ariz.App. 163, 444 P.2d 521 (1968). The only issue to be determined is the right to actual possession. *Phoenix-Sunflower Industries, Inc. v. Hughes,* 105 Ariz. 334, 464 P.2d 617 (1970); A.R.S. § 12–1177(A). In *Gangadean v. Erickson,* 17 Ariz.App. 131, 495 P.2d 1338 (1972) the Court of Appeals stated:

> "The court entertains serious doubts as to the propriety of awarding attorney's fees based upon contract in a forcible entry and detainer action.

---

1. We note that the Arizona Legislature has recently amended A.R.S. § 33–1315(A)(2) making a prevailing party in a forcible entry and detainer action eligible to be awarded attorney's fees pursuant to A.R.S. § 12–341.01 regardless of whether the rental agreement provides for such an award. Therefore, this decision is only applicable to those matters brought prior to the effective date of the statutory amendment.

**468**

This action being purely statutory is controlled by statute both as to procedure and damages collectible therein." (citations omitted.)

*Id.* at 134–35, 495 P.2d at 1341–42. Furthermore, A.R.S. § 12–1178 limits the scope of recovery in forcible entry and detainer actions to "restitution of the premises and for costs and, at plaintiff's option, for all rent found to be due and unpaid at the date of judgment." [2] It is a generally accepted rule that attorney's fees are not recoverable unless they are expressly provided for either by statute or contract. *Taylor v. Southern Pac. Transp. Co.,* 130 Ariz. 516, 637 P.2d 726 (1981). At the time of the trial there were no statutory provisions allowing a party to recover attorney's fees as part of a judgment in a forcible entry and detainer action. Although the parties' lease in the instant case provides for attorney's fees, the court's authority is limited by the special character of forcible entry and detainer actions and by A.R.S. §§ 12–1177 and 12–1178 and therefore such proceedings cannot be expanded by the lease. Allowing the issue of attorney's fees to be interjected into forcible entry and detainer actions would detract from the summary nature of those actions. We find, therefore, that the Court of Appeals properly denied Stag's request for attorney's fees. To the extent that the Court of Appeal's recent decision in *Magna Investment & Development Corp. v. Brooks Fashion Stores, Inc.,* 137 Ariz. 247, 669 P.2d 1024 (1983), holds to the contrary, it is overruled.

■ We note that although Stag's request for attorney's fees is not permissible as part of the forcible entry and detainer action, this decision does not preclude Stag from bringing a separate suit for attorney's fees based upon the contract provisions in the law. The disposition of this matter by the Court of Appeals is approved.

HOLOHAN, C.J., and HAYS, CAMERON and FELDMAN, JJ., concur.

2. The term "costs" means such costs as are usually recovered in civil actions and does not include attorney's fees. *Coury Bros. Ranches,*

*Inc. v. Ellsworth,* 103 Ariz. 515, 446 P.2d 458 (1968).