945 P.2d 386

**RREEF MANAGEMENT COMPANY, a California corporation, as agent for SFERS Real Estate Corp. M, a Delaware corporation, Plaintiff–Appellee, Cross Appellant,**

v.

**CAMEX PRODUCTIONS, INC., an Arizona corporation, Defendant–Appellant Cross Appellee.**

No. 1 CA–CV 96–0544.

Court of Appeals of Arizona, Division 1, Department A.

Sept. 18, 1997.

Randall H. Warner and Richard J. Trujillo, Phoenix, for Defendant–Appellant Cross Appellee.

## OPINION

GRANT, Judge.

Relying on our recent decision in *Colonial Tri–City Ltd. Partnership v. Ben Franklin Stores, Inc.*, 179 Ariz. 428, 880 P.2d 648 (App.1993), the Defendant in this forcible detainer action argues the trial court lacked jurisdiction because a question of fact existed as to whether Defendant actually had a lease with the property owner. We hold the trial court did have jurisdiction to act in forcible entry and detainer; however, the court incorrectly included a monetary award in the judgment. We also hold the trial court properly denied Plaintiff's request for attorney's fees.

## FACTS AND PROCEDURAL HISTORY

This appeal is from a forcible entry and detainer action concerning industrial property owned by SFERS Real Estate Corp. ("SFERS"), located in Tempe, Arizona. RREEF Management Company ("RREEF") managed the property for SFERS and brought the action against its tenant.

On October 24, 1994, RREEF and Camex Productions, Inc. ("Camex"), signed a lease. Its signature block was as follows:

T. Michael Daggett, P.C. by T. Michael Daggett, Phoenix, for Plaintiff–Appellee Cross Appellant.

LANDLORD:
**SFERS REAL ESTATE CORP. M,**
a Delaware corporation

TENANT:
**CAMEX PRODUCTIONS, INC.,**
an Arizona corporation

By:  **RREEF MANAGEMENT COMPANY,**
    a California corporation

By: _____*Rosemary Orsi*_____

　　　　　　　Rosemary Orsi
Its: District Manager
Dated: _____*10/25/94*_____

By: _____*Steve Backer*_____

Steven N. Backer
Vice President
Director of Properties

By: _____*Tim Cameron*_____

　　　　　　　Tim Cameron
Its: President/C.E.O.
Dated: _____*10/24/94*_____

Camex was not incorporated until August of 1995 by Timothy Cameron and his sister. Tim Cameron, who signed the lease, is their father. Timothy Cameron is the president of Camex; Tim Cameron is neither an officer nor a director of the corporation, although he

was employed by it as a consultant. Although Camex was not incorporated until August of 1995, rent payments under the lease were made on a Camex corporate checking account as early as January of 1995.[1] Rent checks were drawn on the same account after incorporation—when Camex did in fact occupy the premises. Timothy Cameron testified that Camex had an agreement with Tim Cameron, whereby Camex occupied the space and made rental payments directly to RREEF.

RREEF filed this forcible detainer action [2] against Camex, alleging Camex owed unpaid rent, rent taxes, and common area expenses. Camex filed an answer, and trial was held, during which Camex argued the court lacked jurisdiction. Timothy Cameron testified: He had been president of Camex since its inception; he did not sign the lease; and Tim Cameron, who signed the lease, is his father. He further testified he never had any dealings with RREEF, and had not even seen the lease until these proceedings began. Kathleen Bloemker, a representative of RREEF, testified that RREEF dealt solely with Tim Cameron.

The trial court took the matter under advisement, allowing the parties to file post-trial memoranda. RREEF appended to its memorandum numerous rent checks drawn on the Camex corporate bank account, both pre- and post-incorporation. The court entered judgment in RREEF's favor, ordering a writ of restitution and granting judgment for $30,064.85. The court specifically declined to award attorney's fees, stating: "Attorney's fees are not awarded as even though they are provided by the terms of the lease, they are not provided for by statute." Camex appealed and RREEF cross-appealed. We have jurisdiction pursuant to Arizona Revised Statutes Annotated ("A.R.S.") sections 12–2101(B) and 12–1182.

## DISCUSSION

### I. Proceedings Under Forcible Entry and Detainer

█ Camex argues the trial court lacked jurisdiction, relying on *Colonial Tri–City*

*Ltd. Partnership*. Camex asserts *Colonial* holds that, if the existence of a lease agreement between the plaintiff and the defendant is disputed, the trial court may not act under the forcible entry and detainer ("FED") statutes—because it lacks jurisdiction—and the matter must be tried as an ordinary civil lawsuit. This is only partially correct.

In that case, Colonial leased retail space to Ben Franklin Stores. The lease allowed Ben Franklin to assign its interest to a third party with Colonial's approval, and such assignment would extinguish Ben Franklin's obligations under the lease. Ben Franklin did assign its interest, and the assignee assumed the lease. The assignee later failed and closed its store. Agents of Ben Franklin were observed on the premises, removing inventory. Colonial then brought a forcible detainer action against Ben Franklin, seeking possession and unpaid rent. Ben Franklin moved to dismiss, asserting that it had assigned its leasehold and did not claim any right of possession. Colonial argued that the presence of Ben Franklin's agents on the premises showed that Ben Franklin had reassumed the lease. The trial court denied the motion to dismiss and proceeded to trial. The jury found Ben Franklin had reassumed the lease and was guilty of forcible detainer. The court entered judgment against Ben Franklin.

This court reversed, but we did not hold the trial court lacked jurisdiction; we held the trial court should have dismissed the complaint for failure to state a claim upon which relief could be granted. 179 Ariz. at 434, 880 P.2d at 654; *compare* Rule 12(b)(1) *with* Rule 12(b)(6), Ariz. R. Civ. P. We held that A.R.S. section 33–361(B), which allows a commercial landlord to proceed under the summary FED statutes, could not be utilized when the existence of a lease agreement was in question:

> Forcible entry and detainer is a statutory proceeding whose object is to provide a

---

1. These checks were not introduced at trial, but were appended to RREEF's post-trial memorandum.

2. A.R.S. section 33–361(A) authorizes the landlord's agent to commence the action on the landlord's behalf.

summary, speedy and adequate means for obtaining possession of premises by one entitled to actual possession. Neither the forcible entry and detainer statute nor section 33–361 are intended to provide a remedy to a party seeking what is, in effect, a declaratory judgment that a valid lease exists between the parties. The issue in a summary proceeding under section 33–361 is not whether the parties have *created* a landlord and tenant relationship but whether an *already existing* lease should be terminated and possession awarded to the landlord because of the tenant's breach of lease or nonpayment of rent.

. . . .

[B]efore the court in a forcible entry and detainer action can determine whether the landlord is entitled to possession because the tenant has breached the terms of the lease, it must be undisputed that a lease exists between the parties. If the latter question is disputed, that dispute must be resolved in a general civil action and not in a summary proceeding under section 33–361.

179 Ariz. at 433, 880 P.2d at 653 (citations omitted; emphasis added). "Any issue not incident to the right of possession within the specific terms of [the forcible entry and detainer statute] ... must be raised in an ordinary civil action." *Id.* (quoting *Pine Corp. v. Richardson,* 12 Wash.App. 459, 530 P.2d 696, 699 (1975) (citations omitted)).

*Colonial* held that a commercial landlord cannot use the accelerated FED proceedings—otherwise available under A.R.S. section 33–361(B)—to obtain what is essentially a declaratory judgment that a valid lease existed between it and the defendant. *Id.* In other words, the FED statutes are inappropriate to obtain relief that should be sought by a regular civil lawsuit. That ruling applies here. RREEF is seeking a money judgment based on an alleged breach of contract: failure to pay rent under the lease. To succeed on that claim, RREEF must first establish there is a valid lease between Camex and the owner, SFERS. *See, e.g., State Farm Mut. Auto. Ins. Co. v. Peaton,* 168 Ariz. 184, 193, 812 P.2d 1002, 1011 (App.1990)

(formation of contract requires "meeting of the minds"); RESTATEMENT (SECOND) OF CONTRACTS § 17 (1981) ("the formation of a contract requires a bargain in which there is a manifestation of mutual assent to the exchange and consideration").

RREEF argues that it proved Camex is obligated on the lease. RREEF asserts the evidence shows that, even though the only party originally obligated as tenant on the lease was Tim Cameron,[3] Camex manifested its assent to—and assumed—the lease by occupying the premises and making rent payments. However, Timothy Cameron provided contrary testimony.

On cross-examination the following testimony was given by Timothy Cameron:

Q. When was Camex Productions, Inc. incorporated?

A. On October 18, 1995.

Q. And your corporation has an agreement with your father to occupy the premises?

A. Correct.

Based on the evidence, a trier of fact could conclude that Camex did in fact assume the lease. However, the trier of fact might believe Timothy Cameron's direct testimony. Therefore, a dispute over the existence of a contractual relationship between Camex and SFERS exists. Under *Colonial,* the trial court could not resolve that dispute in an FED action.

■ This does not mean, however, the trial court lacked jurisdiction over the matter. Camex's occupancy of the premises was through Tim Cameron, with whom SFERS did have a lease. It is undisputed that the rent under that lease was seriously in arrears and that RREEF had terminated the lease. Therefore, Camex was guilty of forcible detainer under A.R.S. section 12–1171:

A person is guilty of forcible entry and detainer, or of forcible detainer, as the case may be, if he:

. . . .

3. Wilfully and without force holds over any lands, tenements or other real property after termination of the time for which

3. For purposes of this appeal, RREEF concedes Camex was not obligated at the outset.

such lands, tenements or other real property were let to him *or to the person under whom he claims,* after demand made in writing for the possession thereof by the person entitled to such possession.

(Emphasis added.) Thus, FED was necessary and appropriate for the limited purpose of allowing the owner to obtain immediate possession of the premises.[4]

■ Because there was FED jurisdiction, RREEF argues that it could seek judgment for unpaid rent, since the FED statutes so provide. This ignores the statutory language. Under A.R.S. section 12–1178, the judgment in an FED action may provide, at the plaintiff's option, "for all rent found to be due and unpaid ... as provided for in the rental agreement...." This provision clearly assumes a rental agreement between plaintiff and defendant. In this case, that assumption is disputed by Defendant, and a material fact issue is thereby raised. The question is whether the summary FED proceedings may be used to determine the existence of a rental agreement between the parties. Under the rationale of *Colonial,* the answer is "no": That dispute must be tried in an ordinary civil case.

Contrary to RREEF's contention, this holding does not mean that every defendant can avoid the summary FED proceedings simply by denying the existence of a lease: There must be a *genuine* dispute. In *Colonial,* Ben Franklin indisputably had been relieved of its original obligation under the lease by reason of the assignment. A genuine fact issue existed as to whether Ben Franklin had reassumed the lease. Here, it is undisputed that Camex was not in existence at the time Tim Cameron signed the lease. RREEF has conceded for purposes of appeal that Camex was not originally obligated under the lease. A genuine fact issue exists as to whether Camex has assumed the lease. Furthermore, as Camex notes, any defenses Defendant may wish to raise are subject to the usual sanctions if frivolous or not made in good faith. *See, e.g.,* Ariz. R. Civ. P. 11(a); A.R.S. §§ 12–341.01(C), 12–349. Here there is a genuine issue of fact not suited to the FED process, but one that must be left to an ordinary civil action, in which time periods are not accelerated, counter- and crossclaims are allowed, and there is an opportunity for discovery. *See Colonial,* 179 Ariz. at 433, 880 P.2d at 653 (citing 2 Richard R. Powell, *Powell On Real Property* § 246[3] (1993)).

## II. Attorney's Fees

■ In its cross-appeal, RREEF asserts the trial court erred in denying its request for attorney's fees. RREEF argues that fees are awardable under A.R.S. section 12–1178(A) and the lease. Section 12–1178(A) provides that if the defendant is found guilty, "the court shall give judgment for the plaintiff ... for all charges stated in the rental agreement...." Article 19.3 of the lease provides that the tenant shall pay the landlord's attorney's fees.[5] RREEF argues that "charges" in section 12–1178(A) encompasses attorney's fees, as envisioned by the lease.

■ Whether Camex is bound by the lease could not appropriately be decided in this FED case. Thus, RREEF cannot rely on

---

4. Jurisdiction may also have been appropriate under A.R.S. § 12–1171(1), providing that a person is guilty of forcible entry if he "[m]akes an entry into any lands, tenements or other real property, except in cases where entry is given by law." The lease did not allow the tenant to allow others to occupy the premises without the landlord's approval:

9. ASSIGNMENT AND SUBLETTING
    9.1 Tenant shall not have the right to assign or pledge this Lease or to sublet the whole or any part of the Premises whether voluntarily or by operation of law, or permit the use or occupancy of the Premises by anyone other than Tenant, and shall not make, suffer or permit such assignment, subleasing or occupancy, without the prior written consent of Landlord....

5. That provision states:

    If, on account of any breach or default by Tenant in Tenant's ob-ligations [sic] under the terms and conditions of this Lease, it shall become necessary or appropriate for Landlord to employ or consult with an attorney concerning or to enforce or defend any of Landlord's rights or remedies arising under this Lease, Tenant agrees to pay all Landlord's attorney's fees so incurred. Tenant expressly waives any right to: (a) trial by jury; and (b) service of any notice required by any present or future law or ordinance applicable to landlords or tenants but not required by the terms of this Lease.

the contract for an award of fees. The trial court's authority to award attorney's fees under a contractual provision is limited by the special statutory nature of FED actions. *DVM Co. v. Stag Tobacconist, Ltd.*, 137 Ariz. 466, 468, 671 P.2d 907, 909 (1983). Attorney's fees are not available in FED actions under A.R.S. section 12–341.01(A). *Id.*; *Jenkins v. First Baptist Church of Scottsdale*, 166 Ariz. 243, 246, 801 P.2d 478, 481 (App. 1990).

■ Latching onto language in *DVM*, RREEF argues that the supreme court has endorsed the award of attorney's fees in FED actions in commercial settings. In *DVM*, the court stated:

We note that the Arizona Legislature has recently amended A.R.S. § 33–1315(A)(2) making a prevailing party in a forcible entry and detainer action eligible to be awarded attorney's fees pursuant to A.R.S. § 12–341.01 regardless of whether the rental agreement provides for such an award. Therefore, this decision is only applicable to those matters brought prior to the effective date of the statutory amendment.

*DVM*, 137 Ariz. at 467 n. 1, 671 P.2d at 908 n. 1. We previously disposed of an identical argument in *Foundation Development Corp. v. Loehmann's, Inc.*, 162 Ariz. 26, 780 P.2d 1074 (App.1988), *vacated on other grounds*, 163 Ariz. 438, 788 P.2d 1189 (1990). The language quoted from *DVM* was dictum. Also A.R.S. section 33–1315 does not apply to commercial leases: It is part of the Arizona Residential Landlord and Tenant Act, which applies only to the rental of dwelling units. *Foundation Dev.*, 162 Ariz. at 32, 780 P.2d at 1080. The trial court did not err in refusing to award attorney's fees, and such fees are also not available on appeal.

### CONCLUSION

We set aside the monetary award and affirm the judgment as so modified.

EHRLICH, P.J., and WEISBERG, J., concur.