25 P.3d 8

**CAMELBACK PLAZA DEVELOPMENT, L.C., an Arizona limited liability company, Plaintiff–Appellee,**

v.

**HARD ROCK CAFÉ INTERNATIONAL (PHOENIX), INC., an Arizona corporation, Defendant–Appellant.**

No. 1 CA–CV 00–0516.

Court of Appeals of Arizona, Division 1, Department E.

May 22, 2001.

Steptoe & Johnson, L.L.P., by Bennett Evan Cooper, Phoenix; Engleman Berger, P.C., by Kevin M. Judiscak, Phoenix, Attorneys for Plaintiff–Appellee.

Snell & Wilmer, L.L.P., by Martha E. Gibbs and Vaughn A. Crawford, Phoenix; Concini McDonald Yetwin & Lacy, P.C., by Jeffrey R. Simmons, Phoenix, Attorneys for Defendant–Appellant.

## OPINION

TIMMER, Judge.

¶1 Hard Rock Café International (Phoenix), Inc., appeals from the trial court's award of attorneys' fees to Camelback Plaza Development, L.C., after the latter prevailed in its commercial forcible detainer action and requested fees pursuant to the terms of its lease. Hard Rock argues that the trial court erred because such awards are not authorized in commercial forcible detainer lawsuits. To resolve this appeal, we must decide these issues:

1. Did the legislature empower the trial court to award attorneys' fees to Camelback Plaza by amending Arizona Revised Statutes Annotated ("A.R.S.") section 12–1178(A)(Supp.2000) in 1995 to provide that a defendant found guilty in such an action shall pay "all charges stated in the rental agreement?"

2. Was the trial court authorized to award attorneys' fees as delinquent rent pursuant to A.R.S. section 12–1178(A)?

We answer each question in the negative and therefore reverse.

## FACTUAL AND PROCEDURAL BACKGROUND

¶ 2 Hard Rock was a commercial tenant at a shopping center owned by Camelback Plaza. Pursuant to the terms of the lease agreement governing the tenancy, the parties agreed, in pertinent part, as follows:

> *Attorneys' Fees.* In the event of any action or proceeding brought by either party against the other under this Lease, the prevailing party shall be entitled to recover for the fees of its attorneys in such action or proceeding such amount as the court may adjudge as reasonable attorneys' fees.

¶ 3 After a dispute developed between the parties, Camelback Plaza filed a forcible detainer (FED) lawsuit against Hard Rock. The trial court subsequently found Hard Rock guilty and awarded Camelback Plaza possession of the leased premises and delinquent rent. The court then entered judgment pursuant to Rule 54(b), Ariz. R. Civ. P., Hard Rock appealed to this court, and another panel of this court recently affirmed. *Camelback Plaza Dev., L.C. v. Hard Rock Café Int'l, Inc.,* 1–CA–CV 00–0275 (Ariz.App. Mar. 6, 2001)(mem.decision).[1]

¶ 4 Camelback Plaza also requested the trial court to award attorneys' fees pursuant to the terms of the lease. Over objection by Hard Rock, the court entered judgment against Hard Rock for $119,924.00 as payment of Camelback Plaza's attorneys'

fees. We review *de novo* whether the court was authorized to award these fees. *Motel 6 Operating Ltd. P'ship v. City of Flagstaff,* 195 Ariz. 569, 572, ¶ 15, 991 P.2d 272, 275 (App.1999).

## DISCUSSION

### A. Attorneys' Fees as "Charges"

¶ 5 Hard Rock argues that the trial court erred in granting attorneys' fees to Camelback Plaza because Arizona law does not permit such awards in commercial FED cases, even when the parties' lease provides otherwise. Hard Rock relies primarily on *DVM Co. v. Stag Tobacconist, Ltd.,* 137 Ariz. 466, 468, 671 P.2d 907, 909 (1983), in which our supreme court held that courts cannot award attorneys' fees in commercial FED actions. When *DVM Co.* was decided, A.R.S. section 12–1178(A) provided that if a commercial tenant was found guilty of forcible detainer, the trial court must enter judgment returning the leased premises to the landlord, award "costs," and, at the landlord's option, award "all rent found to be due and unpaid at the date of the judgment." A.R.S. § 12–1178(A)(1939). The court held that this provision did not authorize courts to award attorneys' fees in commercial FED actions. 137 Ariz. at 468, 671 P.2d at 909. It further concluded that the parties' lease could not authorize such an award because (1) the court's authority in FED actions is limited by statute, and (2) interjecting fee issues into such lawsuits would detract from the summary nature of those proceedings. *Id.*

¶ 6 But Camelback Plaza counters that this holding in *DVM Co.* has been statutorily overruled by amendments to section 12–1178(A).[2] Specifically, the legislature ex-

---

1. In this companion appeal, we denied Camelback Plaza's request for attorneys' fees on appeal. We held that the "charges" listed in A.R.S. section 12–1178(A) do not encompass attorneys' fees and a fee award is not otherwise authorized. Mem. Dec., pp. 8–9, ¶¶ 20–21 and n. 3. Hard Rock urges us to apply "law of the case" and reach the same conclusion, *see, e.g., Kadish v. Ariz. State Land Dep't,* 177 Ariz. 322, 327, 868 P.2d 335, 340 (App.1993), and Camelback Plaza argues the doctrine is inapplicable. Because we independently reach the same decision as did the panel in the first appeal, we decline to address "law of the case."

2. Hard Rock argues that Camelback Plaza waived this and other arguments advanced on appeal by failing to raise them in the trial court until replying to Hard Rock's response to the application for attorneys' fees. *See Westin Tucson Hotel Co. v. Ariz. Dep't of Revenue,* 188 Ariz. 360, 364, 936 P.2d 183, 187 (App.1987) ("[A] claim raised for the first time in a reply is waived."). But these arguments were not new "claims" required to be raised before the reply. Instead, they merely countered Hard Rock's contentions raised in opposition to the application. Additionally, Camelback Plaza had previously

panded section 12–1178(A) in 1989 by providing that the trial court must also award a successful landlord in a commercial FED action "late charges stated in the rental agreement." 1989 Ariz. Sess. Laws, ch. 246, § 3. In 1995, the legislature replaced the phrase "late charges" with "all charges." A.R.S. § 12–1178(A) (Supp.2000). Thus, the current version of section 12–1178(A) provides, in significant part, as follows:

> If the defendant is found guilty, the court shall give judgment for the plaintiff for restitution of the premises, *for all charges stated in the rental agreement* and for costs and, at the plaintiff's option, for all rent found to be due and unpaid through the periodic rental period, as described in § 33–1314, subsection C, as provided for in the rental agreement, and shall grant a writ of restitution.

(Emphasis added.) Camelback Plaza argues that because its lease provides for an award of attorneys' fees, such fees are "charges stated in the rental agreement" and are therefore recoverable under section 12–1178(A). Not surprisingly, Hard Rock takes the opposite view.

¶ 7 In the only case addressing the amended language in section 12–1178(A), *RREEF Mgmt. Co. v. Camex Prod., Inc.*, 190 Ariz. 75, 945 P.2d 386 (App.1997), we did not squarely decide whether attorneys' fees can be "charges." In *RREEF*, we held that the trial court could not award unpaid rent to the prevailing landlord in a summary FED action because the parties genuinely disputed the existence of the lease that provided for such rent, and that issue had to be resolved through a regular lawsuit. 190 Ariz. at 79, 945 P.2d at 390. We then considered whether the landlord was entitled to an award of attorneys' fees, as provided in the disputed lease, in light of the mandate of section 12–1178(A) that the court enter judgment for "all charges" stated in the lease. *Id.* We concluded that because the court could not decide the validity of the lease in the FED action, the landlord similarly could not rely on the lease for an award of fees. *Id.* at 79–

raised these arguments in response to Hard Rock's objection to form of judgment, which provided for a fee award. Thus, we decide that

80, 945 P.2d at 390–91. Accordingly, we never addressed whether these fees could be "charges" under the statute. We now decide that issue.

¶ 8 To determine the legislature's intent in amending A.R.S. section 12–1178(A), we first review the statute's language, giving words their ordinary meaning unless the context of the provision suggests otherwise. *Calmat of Ariz. v. State ex rel. Miller*, 176 Ariz. 190, 193, 859 P.2d 1323, 1326 (1993); A.R.S. § 1–213 (1995). We then consider the statute's subject matter, historical background, effects and consequences, and spirit and purpose. *Zamora v. Reinstein*, 185 Ariz. 272, 275, 915 P.2d 1227, 1230 (1996).

¶ 9 Camelback Plaza cites legal dictionaries and cases dealing with other statutory provisions in this and different jurisdictions to support its contention that "charges," as used in section 12–1178(A), encompass attorneys' fees. *See, e.g., Fed. Land Bank v. Warner*, 42 Ariz. 201, 210, 23 P.2d 563, 566 (1933), *rev'd*, 292 U.S. 53, 54 S.Ct. 571, 78 L.Ed. 1120 (1934) (The word "charge" as used in a federal banking statute refers to "any burden or exaction," including attorneys' fees.). Viewing the word in a vacuum, we agree that it can include attorneys' fees. After employing the above-described canons of statutory construction, however, we decide that the legislature did not intend to include such fees as "charges."

¶ 10 As a general rule, when the legislature means to authorize the recovery of attorneys' fees, it expressly states that intention. *See DVM Co.*, 137 Ariz. at 468, 671 P.2d at 909 ("It is a generally accepted rule that attorney's fees are not recoverable unless they are expressly provided for either by statute or contract."). For example, the legislature explicitly provided that prevailing parties in *residential* FED actions can recover attorneys' fees. A.R.S. §§ 33–1315(A)(2), –1377(D) (2000)(Arizona Residential Landlord and Tenant Act); A.R.S. § 33–1408(C) (2000) (Arizona Mobile Home Parks

Camelback Plaza sufficiently preserved its arguments for our review.

Residential Landlord and Tenant Act). Because the legislature failed to specifically authorize the recovery of attorneys' fees for landlords who prevail in commercial FED actions, we conclude that it did not intend to include such fees as "charges" under section 12–1178(A). *Cf. U.S. Fid. & Guar. Co. v. Frohmiller,* 71 Ariz. 377, 380–81, 227 P.2d 1007, 1009 (1951) (Although A.R.S. section 12–503 [now section 35–213] authorizes payment of "all damages" incurred by a prevailing defendant in a lawsuit filed to recover wrongfully paid state moneys, it does not authorize an award of attorneys' fees. In light of the explicit provision granting attorneys' fees to a prevailing plaintiff-taxpayer, had the legislature intended to authorize fees to prevailing defendants, "certainly it would have included such a provision in plain and unambiguous terms.").

■ ¶ 11 Moreover, as noted by Hard Rock, the legislature is presumed to know the state of the law at the time it amends a statute. *Wareing v. Falk,* 182 Ariz. 495, 500, 897 P.2d 1381, 1386 (App.1995). Thus, although it was aware of *DVM Co.* at the time of the 1995 amendment to section 12–1178(A), the legislature refrained from explicitly providing that the prevailing landlord could recover its attorneys' fees. We are further persuaded, therefore, that the legislature did not intend to authorize the recovery of attorneys' fees by providing for the recovery of "all charges stated in the rental agreement."

¶ 12 Camelback Plaza contended at oral argument that we must also presume that the legislature was aware at the time of the 1995 amendment that the *Warner* court had construed "charges" in a federal banking statute to include attorneys' fees. 42 Ariz. at 210, 23 P.2d at 566. Thus, Camelback Plaza argues, we should conclude that the legislature similarly intended "charges" in the amended statute to include fees. We disagree. First, *Warner* lost its precedential value when the United States Supreme Court

reversed it in 1934.[3] *See* 292 U.S. 53, 54 S.Ct. 571, 78 L.Ed. 1120. Second, unlike section 12–1178(A), the federal banking statute at issue in *Warner* did not purport to award "charges" to any party. Instead, the provision restricted a lender's ability to impose on borrowers "charges" not specified in the statute. *Warner,* 42 Ariz. at 209, 23 P.2d at 566. Moreover, the court based its interpretation on the unique policy considerations of the banking statute and on the absence of fees among the statutory list of permissible costs to impose on borrowers. *Id.* at 208–09, 23 P.2d at 565–66. In light of these substantial differences between the statutes, we are not convinced that the legislature amended section 12–1178(A) with the expectation that courts define "charges" as set forth in *Warner.*

■ ¶ 13 Our interpretation of "charges" is further bolstered by reference to A.R.S. section 12–1178(B), which provides that the prevailing *defendant* IN a commercial FED action is entitled only to recover "costs" and possession of the leased premises. *See State v. Thomason,* 162 Ariz. 363, 366, 783 P.2d 809, 812 (App.1989) ("A statute should be explained in conjunction with other statutes which relate to the same subject or have the same general purpose.") (citing *State ex rel. Larson v. Farley,* 106 Ariz. 119, 471 P.2d 731 (1970)). Without doubt, "costs" do not include attorneys' fees. *DVM Co.,* 137 Ariz. at 468, n. 2, 671 P.2d at 909, n. 2. We discern no reason why the legislature would authorize an award of attorneys' fees for a prevailing landlord in a commercial FED action but deny this relief to a successful defendant in such cases. By interpreting "charges" in section 12–1178(A) to exclude attorneys' fees, we avoid this dichotomy. *See City of Phoenix v. Superior Court (Derickson),* 139 Ariz. 175, 178, 677 P.2d 1283, 1286 (1984) (court should interpret statute to give it a fair and sensible meaning).

---

3. Camelback Plaza asserts that although the Supreme Court reversed *Warner,* because the Court did not disagree with the Arizona Supreme Court's holding that "charges" include attorneys' fees, the Arizona decision has continuing viability on that narrow issue. We reject this argument

because the Supreme Court necessarily disagreed with the state court's interpretation by holding that Congress intended to allow state law to govern the issue of fee recovery in foreclosures of loans governed by the federal statute. *See* 292 U.S. at 57, 54 S.Ct. 571.

¶ 14 Camelback Plaza also cites policy considerations to support its position. Specifically, it argues that because the 1999 amendment to Rule 54(b), Arizona Rules of Civil Procedure, allows attorneys' fees to be entered by separate judgment, trial courts can now award fees while preserving the summary nature of commercial FED actions. Camelback Plaza further contends that commercial entities should be free to contract for the recovery of attorneys' fees, and principles of judicial economy would be served by allowing courts to resolve the fee issue in the FED proceeding rather than by separate lawsuit. These arguments, however, do not illuminate the legislature's intent in amending section 12–1178(A). Instead, they simply advance an argument for legislative change.

¶ 15 For these reasons, we decide that the "charges" referred to in A.R.S. section 12–1178(A) do not include attorneys' fees. Of course, our holding does not preclude Camelback Plaza from recovering its fees through a breach of contract action. *DVM Co.*, 137 Ariz. at 468, 671 P.2d at 909.

## B. Attorneys' Fees as "Rent"

¶ 16 Camelback Plaza finally argues that its fees were recoverable as "rent" under A.R.S. section 12–1178(A). The parties' lease defines "additional rent," in pertinent part, as "[a]ll sums ... which may be due and owing by [Hard Rock] to [Camelback Plaza] from time to time pursuant to this Lease...." Camelback Plaza contends that because attorneys' fees are provided for in the lease, they constitute "additional rent" and can therefore be awarded as "rent" under section 12–1178(A). We readily dispense with this contention.

¶ 17 The trial court's authority in FED proceedings cannot be expanded by the terms of a lease. *DVM Co.*, 137 Ariz. at 468, 671 P.2d at 909. Accordingly, commercial parties cannot overcome the legislature's refusal to authorize attorneys' fees by simply labeling these fees as "rent." We therefore conclude that the trial court was not authorized to award attorneys' fees as "rent" under section 12–1178(A).

## CONCLUSION

¶ 18 For the foregoing reasons, we hold that the trial court cannot award attorneys' fees as either "charges" or "rent" under A.R.S. section 12–1178(A). We therefore reverse.

CONCURRING: MICHAEL D. RYAN, Presiding Judge, E.G. NOYES, Jr., Judge.