NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

KEVIN LOVETT, et al., *Plaintiffs/Appellees*,

*v.*

PAWAN K. SINGH, et al., *Defendants/Appellants*.

No. 1 CA-CV 18-0680
FILED 10-15-2019

Appeal from the Superior Court in Maricopa County
No. CV 2017-003284
The Honorable Lindsay P. Abramson, Judge *Pro Tempore*

**AFFIRMED**

COUNSEL

Ivan & Associates, Glendale
By Florin V. Ivan, Donald T. Scher
*Counsel for Defendants/Appellants*

Williams Zinman & Parham PC, Phoenix
By Scott E. Williams, Mark B. Zinman, Melissa Parham, Scott A. Baluha
*Counsel for Plaintiffs/Appellees*

_____

**MEMORANDUM DECISION**

Judge Michael J. Brown delivered the decision of the Court, in which Presiding Judge Jennifer B. Campbell and Judge Lawrence F. Winthrop joined.

_____

**B R O W N**, Judge:

**¶1**         Pawan Singh appeals the superior court's order granting summary judgment in favor of Kevin Lovett and Danella Lovett finding Singh guilty of forcible detainer.[1]  For the following reasons, we affirm.

**BACKGROUND**

**¶2**         In May 2017, the Lovetts filed a forcible entry and detainer ("FED") complaint in the superior court pursuant to A.R.S. §§ 12-1173 and 12-1173.01.  The Lovetts alleged they purchased Singh's home in Phoenix at a trustee's sale and received title to the property under a trustee's deed, recorded on April 25, 2017.  They also alleged that Singh was served with a demand of surrender and possession, but he failed to vacate the property.

**¶3**         At the forcible detainer hearing, Singh pled not guilty and demanded a jury trial to resolve an alleged factual dispute of whether the Lovetts could establish good title.  But Singh also stated he would stipulate to a bench trial if he was able to review a certified copy of the deed.  The Lovetts provided the document to Singh.

**¶4**         At the trial and motions hearing two weeks later, Singh asserted he was entitled to discovery; specifically, he subpoenaed Carrington Foreclosure Services, LLC, a substitute trustee under the deed of trust, to determine if the trustee's deed was fraudulent.  In response to the subpoena, Carrington filed a motion to quash because the documents requested were not relevant to the FED action and traveling to Arizona would be burdensome.  Rejecting Singh's argument that he was entitled to

_____

[1]       Pawan Singh is married to Amit Jyoti.  Although she did not join in the answer or file her own, she was present at the forcible detainer hearing and she joined in the notice of appeal.  For ease of reference, and because Pawan and Amit do not assert separate arguments, we refer only to Singh throughout the decision.

discovery, the superior court explained that if he wanted to argue the title was defective, he would have to make that challenge in a quiet title action. The court quashed the Carrington subpoena and denied Singh's request for a jury trial because there was no genuine dispute of fact as to whether the trustee's deed was fraudulent. *See* A.R.S. § 33-811(B).

¶5        After finding that the certified copy of the trustee's deed was self-authenticating, the superior court admitted the deed into evidence. The Lovetts then made an oral motion for judgment on the pleadings, asserting the deed was conclusive evidence of their right to possession. The court treated the motion as a motion for summary judgment and granted it, finding there were no issues of law or fact. The court found Singh guilty of forcible detainer, and he timely appealed.

## DISCUSSION

¶6        Summary judgment is appropriate when "there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law." Ariz. R. Civ. P. 56(a). As pertinent here, a person who "retains possession of any land . . . after [receiving] written demand of possession may be removed through an action for forcible detainer . . . if the property has been sold through a trustee's sale under a deed of trust." A.R.S. § 12–1173.01(A)(2). An FED action provides "a summary, speedy and adequate remedy for obtaining possession of the premises." *United Effort Plan Tr. v. Holm*, 209 Ariz. 347, 351, ¶ 21 (App. 2004). Thus, the only issue in an FED action is the right to possession; a court may not inquire into the merits of title. A.R.S. § 12-1177(A); *Curtis v. Morris*, 186 Ariz. 534, 534 (1996). We review de novo whether the court properly granted summary judgment. *Miller v. Hehlen*, 209 Ariz. 462, 465, ¶ 5 (App. 2005).

¶7        Singh first argues the superior court erred in denying him a jury trial because there is a factual dispute as to whether the Lovetts have good title. As our supreme court has made clear, Arizona statutes do not allow conversion of an FED action into one for quiet title. *See Curtis*, 186 Ariz. at 535. Moreover, a defendant may not simply deny that a plaintiff has valid title to avoid an FED judgment. *See RREEF Mgmt. Co. v. Camex Prods., Inc.*, 190 Ariz. 75, 79 (App. 1997), *superseded on other grounds by Bank of New York Mellon v. Dodev*, 246 Ariz. 1 (App. 2018). Instead, a defendant must demonstrate the existence of a genuine factual dispute regarding the right to possession. *RREEF Management Co.*, 190 Ariz. at 79.

¶8        Further, a trustee's deed of sale "shall constitute conclusive evidence of [the statutory requirements of the deed of trust] in favor of

purchasers or encumbrancers for value and without actual notice." A.R.S. § 33-811(B). The statute creates an irrebuttable presumption that "a beneficiary of the trust deed who purchases for value and without actual notice" of any alleged defect in the trustee's sale holds good title. *Main I Ltd. P'ship v. Venture Capital Constr. Dev. Corp.*, 154 Ariz. 256, 260 (App. 1987). The superior court correctly determined that the trustee's deed was conclusive evidence that the statutory requirements for the non-judicial foreclosure process were satisfied and that Singh was not entitled to a jury trial. *See* Ariz. R.P. Eviction Actions 11(d) (stating that "if a jury trial has been demanded" and "no factual issues exist for the jury to determine, the matter shall proceed to a trial by the judge alone regarding any legal issues or may be disposed of by motion or in accordance with these rules, as appropriate").

¶9 We also note that Singh stipulated to a bench trial if a certified copy of the trustee's deed was presented. Singh received the document, and it was admitted into evidence at the trial and motions hearing. Notwithstanding his stipulation and proceeding with the bench trial—clearly constituting waiver of any issue in this regard—Singh argues that because he was "deprived" of his right to a jury trial, he was also denied due process under the Fourteenth Amendment. Putting aside the conclusive effect of his waiver, Singh was only entitled to a jury trial if any of his alleged defenses had a legal basis for contesting the FED complaint. Moreover, due process requirements do not apply to a private deed-of-trust sale because a deed of trust sale does not constitute state action. *Kelly v. NationsBanc Mortg. Corp.*, 199 Ariz. 284, 289, ¶¶ 24–25 (App. 2000), *as amended*, (Mar. 1, 2001).

¶10 Relying on *Steinberger v. McVey ex. Rel. County of Maricopa*, 234 Ariz. 125, 136, ¶ 42 (App. 2014), Singh next contends the superior court erred by rejecting his defense that he was not given notice of the trustee's sale. At the forcible detainer hearing, Singh's counsel asserted for the first time, with no supporting evidence, that Singh did not receive notice of the sale until someone showed up at his door saying they had just purchased the property, and he needed to leave. Even assuming Singh had presented evidence in support of his newly-asserted defense, it would have no bearing on the FED action because the trustee's deed was conclusive on the issue of possession. *See* A.R.S. § 12–1177(A). As noted, other issues simply cannot be raised in an FED action. *See Curtis*, 186 Ariz. at 535 (explaining that " § 12–1177(A) defines the issues that can be litigated in such an action whatever the relationship or transaction" and "[a]ny other interpretation would convert a forcible detainer action into a quiet title action and defeat its purpose as a summary remedy."). Singh offered no evidence showing

that a factual question existed regarding the Lovett's right to possession. *See RREEF Mgmt. Co.*, 190 Ariz. at 79. Thus, we reject Singh's contention that this case is similar to the circumstances in *Steinberger*, which did not involve an FED action. 234 Ariz. at 130, ¶ 13.

**¶11** Finally, Singh contends the superior court erred when it quashed the Carrington subpoena and thereby denied him the opportunity to develop evidence that would show the signature on the trustee's deed was fraudulent. More specifically, Singh asserts that First American Title is the trustee on the deed of trust, not Carrington, and that no evidence was disclosed showing the chain of title or proper appointment of Carrington as trustee. Consistent with our analysis outlined above as to the limited issues allowed in an FED action, the court acted within its discretion in finding that Singh's requested subpoena was not reasonably likely to lead to the discovery of admissible evidence. *See* Ariz. R.P.. Eviction Actions 10(d) ("The court may quash a subpoena for good cause shown."); 11(b) (stating that if a defendant contests the factual or legal allegations of the complaint, "the judge should determine whether there is a basis for a legal defense"); *Schwartz v. Superior Court In & For Cty. of Maricopa,* 186 Ariz. 617, 619 (App. 1996) (reviewing trial court's ruling on a motion to quash subpoena for abuse of discretion).

**¶12** Both parties request attorneys' fees *inter alia*, under A.R.S. § 12-1178, which permits a court to award fees to the plaintiff when a defendant is found guilty of forcible detainer. We deny Singh's request for attorneys' fees and costs because he has not prevailed on appeal. Subject to compliance with ARCAP 21, we grant the Lovetts' request for attorneys' fees and taxable costs.

**CONCLUSION**

**¶13** Because the Lovetts presented uncontroverted evidence showing they acquired title through a trustee's deed, and the only issue that may be addressed in a FED action is the right to possession, we affirm the superior court's forcible detainer judgment.

