NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

PATRICK J. MCGREW, et al., *Plaintiffs/Appellees*,

*v.*

DAVID BRUNET, *Defendant/Appellant.*

No. 1 CA-CV 25-0315

FILED 01-12-2026

Appeal from the Superior Court in Maricopa County
No.   CV2024-036853
The Honorable Brian J. Palmer, Judge

**VACATED AND REMANDED**

COUNSEL

J. Mark Heldenbrand PC, Mesa
By J. Mark Heldenbrand
*Counsel for Plaintiffs/Appellees*

Cronus Law, PLLC, Phoenix
By Yash Pahwa, Robin L. Dugas
*Counsel for Defendant/Appellant*

**MEMORANDUM DECISION**

Presiding Judge Angela K. Paton delivered the decision of the Court, in which Judge Daniel J. Kiley and Judge Brian Y. Furuya joined.

**P A T O N**, Judge:

¶1          David Brunet appeals the superior court's judgment finding him guilty of forcible detainer and awarding immediate possession of the premises at issue to Patrick J. McGrew and Jenie A. McGrew (collectively, "McGrews").  For the following reasons, we vacate the judgment and remand for dismissal of the complaint.

## FACTS AND PROCEDURAL HISTORY

¶2          The McGrews claim title to real property located in Phoenix (the "Property") pursuant to a warranty deed dated October 24, 2023, and executed by grantor True Freedom Investments, LLC ("True Freedom") through its member, Tim Nguyen.

¶3          The McGrews filed this forcible entry and detainer action seeking Brunet's eviction from the Property.  They alleged that they held legal title to the Property pursuant to the aforementioned warranty deed, were entitled to immediate possession, and had made written demand that Brunet vacate the Property.

¶4          Brunet answered the complaint and moved to dismiss, claiming he had a right to remain on the Property pursuant to a five-year lease with True Freedom dated April 1, 2023.  Brunet alleged that the McGrews acquired the Property subject to the existing lease and, therefore, their interest in the Property was subordinate to his interest under the lease.

¶5          The superior court denied Brunet's motion to dismiss.  After hearing some testimony, the court continued the trial to a second day and directed the McGrews to file an amended complaint, and Brunet to file an amended answer to the amended complaint.  The McGrews's amended complaint alleged that Brunet's lease was not valid and unenforceable.  They further asserted that because the lease was not disclosed to them for more than one year after they acquired title to the Property, their interest in the Property was superior to Brunet's interest under the lease.

¶6          After the continued trial concluded, the superior court ruled that Brunet's proffered lease was unenforceable.  It further found that the McGrews had no knowledge of the lease until well after the Property was deeded to them and they had a superior right to possession of the Property.  It denied the McGrews's request for attorneys' fees, finding there is no "authority that would allow them to be awarded [attorneys'] fees under the facts of [their] case."

¶7        The superior court entered judgment awarding possession of the Property to the McGrews and granting them an amount for the fair market rental value of the Property during the eviction proceedings as well as taxable costs.  Brunet timely appealed the judgment.

¶8        We have jurisdiction pursuant to Arizona Revised Statutes ("A.R.S.") Section 12-2101(A)(1).

**DISCUSSION**

¶9        Brunet argues that because there was a dispute between the parties regarding the existence of a rental agreement, the superior court erred by considering this case in a summary forcible detainer proceeding. In the alternative, he challenges the superior court's findings that he did not have either a valid lease for the Property or a month-to-month tenancy.

¶10       After Brunet filed his notice of appeal, the McGrews filed a motion for reconsideration asking the superior court to reconsider awarding them attorneys' fees.  The court granted that motion and entered an amended judgment that included an attorneys' fees award to the McGrews.  Although both parties argue about the validity of the amended judgment in their briefs, neither party has appealed it.  Accordingly, we do not address their arguments and express no opinion about the amended judgment's validity.

¶11       Forcible detainer occurs when a person remains "[w]ilfully and without force" on a property after his right to occupy it has ended and after he has received a written demand to vacate.  A.R.S. § 12-1171(3).  This may arise in landlord-tenant relationships and other possessory situations, A.R.S. § 12-1173, or when one remains in possession after a property has been sold through foreclosure, trustee's sale, forfeiture, execution, A.R.S. § 12-1173.01(A)(1)-(4), or other transactions where "the property has been sold by the owner and the title has been duly transferred."  A.R.S. § 12-1173.01(A)(5).  However, a person who remains in possession of property under a lease that is superior to the interest sold is not affected by the sale and therefore not subject to removal.  A.R.S. § 12-1173.01(B).

¶12       A forcible detainer action is a summary proceeding intended to allow a plaintiff to quickly obtain possession of property that is being wrongfully held by an occupant. *Olds Bros. Lumber Co. v. Rushing*, 64 Ariz. 199, 204-05 (1946).  The only issue to be determined in such an action is the right of actual possession, and the court may not address issues of title or decide whether the parties have a landlord-tenant relationship or lease agreement.  A.R.S. § 12-1177(A); *United Effort Plan Trust v. Holm*, 209 Ariz.

347, 350-51, ¶ 21 (App. 2004); *see also RREEF Mgmt. Co. v. Camex Prods., Inc.*, 190 Ariz. 75, 79 (App. 1997), *superseded in part by*, A.R.S. § 33-1315(A)(2) (holding a summary forcible detainer action cannot be used to "determine the existence of a rental agreement between the parties"); *Colonial Tri-City Ltd. P'ship v. Ben Franklin Stores, Inc.*, 179 Ariz. 428, 433-34 (App. 1993) (whether the parties have a landlord-tenant relationship cannot be properly determined in a summary proceeding). If such issues are in dispute, they must be resolved in a regular civil action, not a forcible detainer action. *United Effort Plan Trust*, 209 Ariz. at 351, ¶ 21 ("A real dispute regarding a landlord-tenant relationship must be tried in an ordinary civil action, in which time periods are not accelerated, counter- and cross claims allowed, and there is an opportunity for discovery.") (internal quotations and citations omitted).

**¶13** The McGrews pled that they owned the Property pursuant to the warranty deed obtained from True Freedom and were entitled to immediate possession. Brunet defended the action by producing a lease and arguing that it gave him a superior right of possession for the lease term. The McGrews challenged the validity of the lease and argued it was not superior to their interest because they had no notice of it until after they obtained the Property. This genuine dispute between the parties was required to be resolved in a conventional civil action, not a summary forcible detainer action. *United Effort Plan Trust*, 209 Ariz. at 350-51, ¶ 21.

**¶14** The McGrews contend that the cases Brunet cites, *RREEF Mgmt. Co.*, 190 Ariz. at 79 and *Colonial Tri-City Ltd. P'ship*, 179 Ariz. at 433-34, are distinguishable because they involved a plaintiff trying to establish the existence of a commercial lease through a forcible detainer proceeding, whereas here there is no lease agreement between the McGrews and Brunet that needs to be confirmed or interpreted. The McGrews are correct that Brunet does not claim that he has a lease agreement with them. Rather, Brunet asserts that his lease with True Freedom is superior to the interest the McGrews took in the warranty deed and he cannot be removed from the Property. *See* A.R.S. § 12-1173.01(B) (stating the remedy of forcible detainer "[does] not affect the rights of persons in possession under a lease . . . which is superior to the property interest sold"). Accordingly, the nature of the parties' relationship is in dispute and *RREEF* and *Colonial* direct that a summary forcible detainer action is not the proper proceeding to resolve that dispute.

**¶15** This court has applied the law set forth in *RREEF* and *Colonial* where the nature of the parties' relationship was in dispute. In *United Effort Plan Trust*, the plaintiff claimed it owned the subject property and had a

tenancy relationship with the defendant that it was entitled to terminate. *United Effort Plan Trust*, 209 Ariz. at 351, ¶ 22. The defendant denied the existence of a tenancy and claimed a life-estate interest in the property. *Id.* at ¶ 23. We affirmed the superior court's dismissal of the action, holding that the dispute could only be resolved in a conventional civil action, not a summary forcible detainer proceeding. *Id.* at ¶ 24; *cf. Voliner v. Olson*, 1 CA-CV 23-0818, 2024 WL 4272037, at *4, ¶ 19 (Ariz. App. Sept. 24, 2024) (mem. decision) (vacating judgment and remanding with directions to dismiss complaint where the nature of the parties' purchase contract, including whether it permitted forfeiture of the property, was in dispute).

**¶16** The superior court erred by not dismissing the McGrews's forcible detainer action. Accordingly, we do not address Brunet's arguments that the court's factual findings regarding the validity of the lease or the existence of a month-to-month tenancy were erroneous.

**¶17** The McGrews request an award of attorneys' fees on appeal pursuant to A.R.S. § 12-1178 and Arizona Rule of Eviction Action Procedure ("Eviction Rule") 13(f). Because they have not prevailed on appeal, we deny their request.

**¶18** Brunet requests an award of attorneys' fees and costs on appeal citing the purported lease agreement, A.R.S. §§ 12-341 and -341.01, and Eviction Rule 13(f). In the exercise of our discretion, we deny the attorneys' fees request. The court will award Brunet his reasonable costs on appeal upon his compliance with Arizona Rule of Civil Appellate Procedure 21.

## CONCLUSION

**¶19** We vacate the judgment and remand for dismissal of the complaint.



MATTHEW J. MARTIN • Clerk of the Court
**FILED**:            JR