NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS

### DIVISION ONE

SANDRA GILL COLOSI,
*Plaintiff/Appellee*,

*v.*

VICTOR NACIM, et al.,
*Defendants/Appellants*.

No. 1 CA-CV 18-0504
FILED 7-11-2019

Appeal from the Superior Court in Maricopa County
No. CV2018-008849
The Honorable David W. Garbarino, Judge *Pro Tempore*

**AFFIRMED**

COUNSEL

Denny Law Offices, Phoenix
By J.D. Denny
*Counsel for Plaintiff/Appellee*

Tiffany & Bosco, PA, Phoenix
By William M. Fischbach, III, Amy D. Sells
*Counsel for Defendants/Appellants*

---

**MEMORANDUM DECISION**

Judge Diane M. Johnsen delivered the decision of the Court, in which Presiding Judge Samuel A. Thumma and Judge Lawrence F. Winthrop joined.

---

**J O H N S E N**, Judge:

¶1 Victor and Amber Nacim appeal the superior court's judgment in favor of Sandra Colosi on her forcible detainer and special detainer actions. For the following reasons, we affirm the judgment.

## FACTS AND PROCEDURAL BACKGROUND

¶2 This case arises out of a transaction involving a home Colosi owned. On November 6, 2017, Colosi and Victor Nacim ("Nacim") signed a handwritten note that stated:

> I Victor Nacim am doing a lease/purchase from Sandra Gill Colosi on [the home]. I am giving her a $5000.00 dn payment towards the $50,000.00 dollar down payment balance of $45,000.00 down due upon signing the agreement at title company. This will [allow] us to take over possession immediately. We will make all rent payments & HOA starting November 23, 2017 plus a 10 day grace period. HOA is due on the first of each month.

¶3 That same day, Nacim paid Colosi $5,000 and Colosi gave Nacim exclusive use and control of the home. Nacim's daughter, Amber Nacim, moved into the home as its sole occupant. At the beginning of the next month, Nacim paid Colosi an amount corresponding to Colosi's monthly home-loan payment. For various reasons not relevant to this appeal, the parties never completed a sale of the home, and Nacim made no further payments to Colosi. In the meantime, Amber Nacim remained in the home.

¶4 In June 2018, Colosi sued to evict Nacim and to collect unpaid rent, alleging forcible detainer under Arizona Revised Statutes ("A.R.S.") sections 12-1171(3) (2019), -1173(1) (2019) and -1173.01(A)(3) (2019), or in

the alternative, special detainer under A.R.S. § 33-1368(A), (B) (2019).[1] Nacim moved to dismiss, arguing improper notice and that the superior court lacked subject-matter jurisdiction to hear the eviction because the parties had made a purchase agreement, not a lease. The court heard argument on the motion to dismiss but proceeded to a bench trial without ruling on Nacim's motion.

¶5        At trial, Colosi testified the parties had entered into "an oral rental agreement" but had not discussed what amount of rent would be paid because Colosi "expect[ed] a sale of the property to happen in conjunction with this lease." She testified she and Nacim had no written lease or purchase agreement other than the handwritten note. On cross-examination, Colosi read from an email (admitted as an exhibit) she sent to her title company ten days after the date of the note, in which she stated: "This is not going to be a lease contract. . . . [Nacim's] purchasing my home." The court also heard testimony from another witness present when the parties signed the handwritten note. The witness testified Nacim agreed to make monthly payments while the sale of the property was in escrow, but the witness said she was not sure whether these were meant to be "rent" or "mortgage" payments. Nacim offered exhibits in evidence but did not testify.

¶6        The court ruled the handwritten note did not constitute a purchase contract, found the parties had an unwritten lease and awarded Colosi possession of the property and unpaid rent, interest, attorney's fees and costs totaling $64,313.49. Nacim timely appealed. We have jurisdiction pursuant to Article 6, Section 9, of the Arizona Constitution, and A.R.S. §§ 12-1182(A) (2019) and 33-1377 (2019).

## DISCUSSION

¶7        We review a challenge to the superior court's jurisdiction *de novo*. *See State v. Donahoe ex rel. Maricopa County*, 220 Ariz. 126, 127, ¶ 1, n.1 (App. 2009). We also review *de novo* questions of statutory application and interpretation. *See Estate of Wyatt v. Vanguard Health Sys., Inc.*, 235 Ariz. 138, 139, ¶ 5 (2014). We defer to factual findings by the superior court as long as they are not clearly erroneous. *Bank of N.Y. Melon v. Dodev*, 246 Ariz. 1, 7, ¶ 15 (App. 2018).

---

[1]        Absent material revision after the relevant date, we cite the current version of a statute or rule.

## A.      Subject-Matter Jurisdiction.

¶8          Nacim argues the superior court lacked subject-matter jurisdiction because the court has no power in a summary eviction proceeding to decide whether the parties have a lease.

¶9          As applied here, a forcible detainer action may be brought against a tenant who holds over after the termination of a lease, A.R.S. § 12-1173(1), or against one who retains possession after "the property has been forfeited through a contract for conveyance," A.R.S. § 12-1173.01(A)(3) (citing A.R.S. § 33-741 *et seq.*).[2]  When a landlord sues to evict a tenant from a home, the resulting proceeding is a special detainer governed by the Arizona Residential Landlord and Tenant Act ("ARLTA"), A.R.S. § 33-1301 *et seq.  See* A.R.S. § 33-1304 (2019).  But ARLTA does not apply to a forcible detainer based on a forfeiture under a contract of conveyance of a dwelling when "the occupant is the purchaser or a person who succeeds to his interest."  A.R.S. § 33-1308(2) (2019).

¶10          Colosi's forcible detainer complaint alleged both theories in the alternative.  As stated, the superior court found the handwritten note did not constitute a contract to sell the home, but found instead the parties had an oral lease, which Nacim breached by failing to pay rent.  The court ordered eviction on that ground pursuant to § 33-1377.

¶11          Nacim argues Colosi had agreed to sell him the home, and that the superior court lacked jurisdiction in the eviction proceeding to decide whether their agreement was a lease or a purchase contract.  The cases he cites, however, do not apply here.  In Nacim's principal case, *Colonial Tri-City Ltd. v. Ben Franklin Stores, Inc.*, 179 Ariz. 428 (App. 1993), the owner of a shopping mall filed a forcible detainer action against a former tenant that, with the landlord's consent, had assigned the lease to another merchant.  179 Ariz. at 430.  The former tenant moved to dismiss, arguing it had no further obligations under the lease.  *Id*. at 430-31.  The jury found the former tenant had reassumed the lease and had committed a forcible entry and detainer.  *Id.* at 431.  This court reversed, holding, *inter alia*, that a forcible detainer proceeding is not the place to determine the existence of a lease: "The issue in a summary proceeding under [A.R.S.] section 33-361 [breach of tenant's obligation to pay rent] is not whether the parties have *created* a landlord and tenant relationship but whether an *already existing* lease should be terminated and possession awarded to the

---

2          A forfeiture under A.R.S. § 33-742(A) (2019) is a process under which a seller of real property may "forfeit" the interest of a purchaser in default.

4

landlord because of the tenant's breach of lease or nonpayment of rent." 179 Ariz. at 433-34.

¶12 In *Colonial Tri-City*, the mall owner's detainer claim hinged on whether the former tenant was still bound by the lease. If there was no lease, the former tenant could not be liable. But this case is different. Colosi sought eviction on two alternative grounds, one premised on her contention that the parties had a lease (§ 33-1377), and the other premised on Nacim's contention that they had a purchase agreement, which Colosi alleged was forfeited (§ 12-1173.01). The reasoning of *Colonial Tri-City* applies when the only ground for eviction is breach of a lease; it does not apply when, as here, the plaintiff seeks eviction under either of dual alternative grounds and offered evidence (which Nacim did not dispute) to support both of them. Because the superior court had the power to grant Colosi relief on either ground, it had jurisdiction to decide which ground, if either, applied under the facts presented. None of the authorities Nacim cites holds to the contrary.

## B. Pre-Litigation Notice.

¶13 Nacim also argues the superior court erred because Colosi failed to provide the required pre-litigation written demand.[3]

¶14 Under ARLTA, a landlord may file a special detainer action when a "tenant fails to pay rent within five days after written notice by the landlord of nonpayment." A.R.S. § 33-1368(B). Colosi alleged she complied with this requirement by mailing by certified mail a "5-Day Notice to Pay or Quit" to Nacim in care of his counsel. Nacim does not contest the substance or timing of the written notice, but contends it was ineffective because it was mailed to him in care of his lawyer, rather than mailed to him directly.

¶15 The lawyer to whom Colosi mailed the notice represented Nacim in a prior special detainer action by Colosi that was dismissed without prejudice in February 2018. Before commencing the current action, Colosi sent an initial notice to quit by certified mail to Nacim in care of the lawyer on May 11, 2018. In response, Nacim's lawyer emailed Colosi's lawyer, said that Nacim was traveling and asked the lawyer to let him know

---

[3] According to Nacim, this failure precluded the superior court from exercising jurisdiction over Colosi's detainer complaint. Because he cites no authority for that proposition, however, we will not address the notice issue as a matter of jurisdiction. *See* ARCAP 13(a)(7).

"if and when you file any eviction action so that we may take appropriate action and, if necessary, appear on behalf of our client." As stated, Colosi sent a second five-day notice by certified mail to Nacim in care of his lawyer on June 13, 2018. Nacim's lawyer responded to Colosi's lawyer with a three-page letter the same day. The letter began:

> As you know, the firm represents Victor and Amber Nacim regarding the property . . . . We are also in receipt of your June 13, 2018 Notice to Tenant. We are also in receipt of your May 11, 2018 letters and the purported May 9, 2018 "Notice of Substitution of Account Servicing Agent."

The letter from Nacim's lawyer went on to argue the handwritten note was a purchase agreement and asserted Nacim would prevail on that dispute, but then offered two alternative settlement proposals.

¶16        Colosi argues the lawyer's responses show he was authorized to represent Nacim in the matter; Nacim asserts that, to the contrary, he did not authorize his lawyer to accept service of a pre-litigation notice on his behalf. Significantly, Nacim's lawyer did not assert in either of his responses that the notices failed because they were not sent directly to Nacim. Nor does Nacim argue now that he was prejudiced by service of the notices on his lawyer rather than on him personally.

¶17        Under ARLTA, a landlord may file a special detainer action after a "tenant fails to pay rent within five days after written notice by the landlord of nonpayment." A.R.S. § 33-1368(B). As for what constitutes notice:

> A person has notice of a fact if he has actual knowledge of it, has received a notice or notification of it or from all the facts and circumstances known to him at the time in question he has reason to know that it exists. A person "knows" or "has knowledge" of a fact if he has actual knowledge of it.

A.R.S. § 33-1313(A) (2019). In addition:

> A person "notifies" or "gives" a notice or notification to another by taking steps reasonably calculated to inform the other in ordinary course whether or not the other actually comes to know of it. A person "receives" a notice or notification when it comes to his attention, . . . or, in the case of the tenant, it is delivered in hand to the tenant or mailed by registered or certified mail to him at the place held out by him

6

as the place for receipt of the communication or, in the absence of such designation, to his last known place of residence.

A.R.S. § 33-1313(B).

¶18        The superior court did not err by concluding that, at a minimum, Nacim had "reason to know" that Colosi had sent the required written demand.  *See* A.R.S. § 33-1313(A).  Moreover, under subpart (B) of the same statute, Colosi took "steps reasonably calculated to inform" Nacim of the demand by mailing it by certified mail to Nacim's lawyer.

¶19        Nacim argues the superior court disregarded subpart (B) of the statute, which also states that one "receives" notice when it is delivered or mailed.  We do not interpret the statute to say that a tenant "receives" a written notice for purposes of ARLTA *only* when it is delivered to him or mailed to him personally.  To the contrary, as noted, the statute states that one "has notice" of something when he is notified of it or he has reason to know it exists, A.R.S. § 33-1313(A), and he "receives" a notice when it "comes to his attention," A.R.S. § 33-1313(B).  Further, one "'notifies' or 'gives' a notice or notification to another by taking steps reasonably calculated to inform the other in ordinary course whether or not the other actually comes to know of it."  A.R.S. § 33-1313(B).  Under these provisions, the record shows that Colosi made the required written demand, and Nacim had notice of it.

¶20        Nacim also cites Arizona Rule of Procedure for Eviction Actions 5(b)(7), which states that the defendant must be "served a proper notice to vacate."  Although Rule 5 goes on to specify the precise manner in which a summons and complaint must be personally served, *see* Rule 5(e) ("Service of Process"), it says nothing about how a pre-litigation notice is to be provided.[4]

---

[4]        Nacim also argues the notice was insufficient because it named him but did not name his daughter Amber, who was the only occupant of the home.  The superior court did not err, however, in concluding that proper pre-litigation notice had been given to Amber Nacim.  The subject line of both notices stated the address of the home, and each began, "Notice to Tenant and any/all Occupants."  Further, in responding to the notices, the lawyer to whom Colosi mailed them acknowledged that he represented both Amber and her father with respect to the home.

7

## C.      Entry of Judgment in Colosi's Favor.

**¶21**      As noted, the superior court found the parties had an oral lease that Nacim breached by failing to pay rent and entered judgment against Nacim for damages, costs and attorney's fees. On appeal, Nacim does not dispute the merits of the court's finding that an oral lease existed or that he breached by failing to pay rent while exercising exclusive control over the home.

**¶22**      Nacim does, however, challenge the award of attorney's fees, arguing the superior court lacked jurisdiction to make the award after he filed his initial notice of appeal. Although, as Nacim states, the filing of a notice of appeal from a final judgment usually deprives the superior court of jurisdiction to act, here, the order from which the initial appeal was taken was not final and appealable because it expressly left open the amount of attorney's fees the court would award. *See Camasura v. Camasura,* 238 Ariz. 179, 182-83, ¶¶ 9-16 (App. 2015); *Baker v. Bradley*, 231 Ariz. 475, 481, ¶ 19 (App. 2013). Because the initial notice of appeal was premature and therefore a nullity, it did not deprive the superior court of the power to make the fees award.

## CONCLUSION

**¶23**      For the reasons set forth above, we affirm the superior court's judgment. Colosi asks for an award of attorney's fees on appeal under A.R.S. § 12-341.01 (2019). We deny her request for fees because, *inter alia*, her brief was substantially deficient in that it failed to provide citations to the record or to legal authorities. *See* ARCAP 13(a)(7).



AMY M. WOOD • Clerk of the Court
FILED:  AA