NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

---

BURKE STEINFELT, et al., *Plaintiffs/Appellants*,

*v.*

AMERICAN FAMILY EDUCATION, *Defendant/Appellee*.

No. 1 CA-CV 21-0558
FILED 9-6-2022

---

Appeal from the Superior Court in Maricopa County
No. CV2021-091000
The Honorable Brian Kaiser, Judge *Pro Tempore*

**AFFIRMED**

---

COUNSEL

The Law Office of Mark A. Tucker, P.C., Mesa
By Mark A. Tucker
*Counsel for Plaintiffs/Appellants*

Schern Richardson Finter, PLC, Mesa
By Aaron M. Finter
*Counsel for Defendant/Appellee*

---

**MEMORANDUM DECISION**

Presiding Judge Maria Elena Cruz delivered the decision of the Court, in which Judge Angela K. Paton and Judge Peter B. Swann joined.

---

**C R U Z**, Judge:

¶1        Burke and Sandy Steinfelt (collectively "the Steinfelts") appeal the superior court's judgment in favor of appellee American Family Education ("AFE") dismissing the Steinfelts' eviction action.  For the following reasons, we affirm.

**FACTUAL AND PROCEDURAL HISTORY**

¶2        Kathryn Koniusey was the CEO of AFE, a non-profit school in Gilbert .  The Steinfelts, parents of school-aged children who were interested in the school, became acquainted with Koniusey.

¶3        Koniusey attempted to purchase a property for AFE ("the Recker Road property") but was unsuccessful.  Koniusey asked families involved with the school to help AFE purchase the Recker Road property, and the Steinfelts eventually agreed to purchase it.  They did so in July 2018.  There were two houses on the property.  The larger of the two houses was used for the school, and the smaller house was used by Koniusey as her personal residence.

¶4        The month before the Steinfelts purchased the Recker Road property, the parties' real estate agent prepared a residential lease agreement, which Koniusey signed on behalf of AFE. Koniusey understood that the lease agreement would not be used by the parties except to help the Steinfelts get a loan to purchase the Recker Road property, and that the parties' relationship would be governed by a property sale agreement that the parties would sign after the Steinfelts owned the property.  The parties signed the property sale agreement on August 1, 2018.  The property sale agreement contained a merger clause, which stated:

> This Agreement when executed . . . shall contain the entire understanding and agreement between the Buyer and Seller and Agent, if any, with respect to the matters referred to herein and shall supersede all prior or contemporaneous

agreements, representations and understanding with respect to such matters.

In November 2018, the parties amended the property sale agreement after the Steinfelts paid off one of the loans used to purchase the Recker Road property. The amendment, entitled "First Amendment to Property Sale Agreement," provided in part:

> Whereas, the Sellers have paid in full one of the liens used for the purchase of the property and whereas this lien between the Sellers and the lender is now completely fulfilled and closed,
>
> Now Therefore, the payoff amount of $244,935.48 is now a new lien balance between the Seller and the Buyer, to be paid back with the following terms and conditions:
>
> Lien Agreement
>
> 1. Expenses. The Buyer will directly pay a minimum of $500 by the 1st of each month to the Sellers until the principle (sic) balance is paid back in full (0% interest on this new and separate loan amount of $244,935.48).
>
> 2. Payment. The Buyer can make payments via direct deposit, check or cash.

AFE thereafter made all monthly payments on the property, up until the time of the eviction hearing.

¶5            In February 2021, the Steinfelts served AFE with three notices. In the first notice, the Steinfelts stated they were terminating the "residential lease agreement" for abuse of access pursuant to Arizona Revised Statutes ("A.R.S.") section 33-1376 and demanded AFE vacate the premises within five days or "an eviction action may be brought against you to recover possession of the property." The second notice, entitled "Notice of Termination of Lease to Own Agreement for Material Breach and Demand for Possession" demanded AFE to vacate the premises within ten days. The third notice, entitled "Notice of Intent to Terminate Rental Agreement for Non-Payment of Rent" demanded $201,750 in unpaid rent and late charges pursuant to A.R.S. § 33-1368 and warned AFE that "the filing of a lawsuit against you for Forcible Detainer is imminent."

¶6 AFE did not vacate the property, and that same month, filed a civil action in superior court in CV2021-090588 alleging the Steinfelts had breached the property sale agreement. The complaint included claims for specific performance, breach of the implied covenant of good faith and fair dealing, defamation, false light invasion of privacy, and interference with contract/business expectancy.

¶7 The Steinfelts filed this eviction action in superior court in March 2021. The amended complaint, entitled "Eviction Action," alleged that "[t]his matter is governed by the parties' residential lease agreement and the provisions of the Arizona Residential Landlord and Tenants Act (ARLTA), A.R.S. § 33-1301, et. seq." The amended complaint further alleged that AFE failed to pay rent of $6700 per month for thirty-one months (a total of $207,700), as set forth in the lease agreement, *see* A.R.S. § 33-1368(B), that AFE had engaged in abuse of access under A.R.S. §§ 33-1343, -1376, and that AFE was illegally operating a business on the property.

¶8 At the eviction trial, Sandy Steinfelt testified that under the property sale agreement, AFE was free to pay just the minimum monthly amounts due on the loans used to purchase the property, and that it had in fact made all of the loan payments on the property to date. At the conclusion of the trial, the superior court dismissed the complaint. The court found that the parties' relationship was that of a buyer and seller, not that of landlord and tenant, explaining:

> [W]hat I've got here appears to me to be a relationship between a buyer and a seller, and it appears as though it's been that way since the beginning, and that's been the intention of the parties from the get-go. We had a lease agreement that was signed and . . . never apparently complied with, based on the testimony from both parties, and instead, [the parties] set about to enter . . . shortly thereafter [a] new agreement to sell the property, and that included requirements regarding payments of liens on the property obtained by the [Steinfelts], which both parties agree have all been . . . paid up to date through today. . . . [AFE] has been in compliance with the terms of the purchase and sale agreement . . . . [B]ecause it's not a landlord-tenant relationship but rather a seller and buyer relationship between the parties, forcible entry and detainer is an inappropriate vehicle through which to seek removal of [AFE].

The Steinfelts timely appealed, and we have jurisdiction pursuant to A.R.S. § 12-2101(A)(1).

## DISCUSSION

**¶9**        We review questions of law de novo but "defer to the superior court's findings of fact unless clearly erroneous." *Fleming v. Tanner*, 248 Ariz. 63, 68, ¶ 13 (App. 2019). The superior court "is in the best position to weigh evidence and assess witness credibility . . . ." *Demetrius L. v. Joshlynn F.*, 239 Ariz. 1, 3, ¶ 9 (2016).

**¶10**        "Forcible entry and detainer is a statutory proceeding whose object is to provide a summary, speedy and adequate means for obtaining possession of premises by one entitled to actual possession." *Colonial Tri-City Ltd. P'ship v. Ben Franklin Stores, Inc.*, 179 Ariz. 428, 433 (App. 1993). "The purpose of a forcible-detainer action is limited . . . it is not a vehicle to decide whether the parties have a landlord-tenant relationship or were under a lease agreement." *United Effort Plan Tr. v. Holm*, 209 Ariz. 347, 350-51, ¶ 21 (App. 2004). "[B]efore the court in a [FED] action can determine whether the landlord is entitled to possession . . . it must be undisputed that a lease exists between the parties. If the latter question is disputed, that dispute must be resolved in a general civil action and not in a summary proceeding . . . ." *Colonial*, 179 Ariz. at 433. "The policy behind our holding is obvious; the summary proceedings authorized by . . . the forcible entry and detainer statutes do not furnish all of the procedural safeguards provided in a general civil action." *Id. See also Iverson v. Nava*, 248 Ariz. 443, 448, ¶ 11 (App. 2020) (noting in a special detainer matter that "the accelerated nature of FED actions does not include disclosure or discovery available in general civil litigation.").

**¶11**        Here, the parties dispute the validity of the lease agreement Koniusey signed on behalf of AFE before the Steinfelts purchased the Recker Road property. An eviction action is not an appropriate vehicle for the parties' dispute. *See Colonial*, 179 Ariz. at 433. And the court's determination that the parties' relationship was that of buyer and seller was supported by the record, including the property sale agreement the parties entered into in August 2018 and the subsequent amendment. In addition, we note that the Steinfelts brought this action under ARLTA, which specifically excludes certain arrangements from its application, including "[o]ccupancy under a contract of sale of a dwelling unit or the property of which it is a part, if the occupant is the purchaser . . . ." A.R.S. § 33-1308(1)(2). Accordingly, we find no error in the superior court's decision dismissing the eviction complaint.

¶12      Both parties seek an award of attorneys' fees. Because the Steinfelts have not prevailed, we deny their request. As the prevailing party, AFE is entitled to costs and in our discretion, we award it reasonable attorneys' fees under A.R.S. § 12-341.01 upon compliance with ARCAP 21.

## CONCLUSION

¶13      For the foregoing reasons, we affirm.



AMY M. WOOD • Clerk of the Court
FILED:   AA