NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

JAKE VOLINER, et al., *Plaintiffs/Appellees,*

*v.*

JUSTIN OLSON, *Defendant/Appellant.*

No. 1 CA-CV 23-0818

FILED 09-24-2024

Appeal from the Superior Court in Maricopa County
No. CV2023-095122
The Honorable Brian Kaiser, Judge *Pro Tempore*

**VACATED AND REMANDED**

COUNSEL

Tucker Law Group, P.C., Mesa
By Mark A. Tucker, J. McKay Tucker
*Counsel for Plaintiffs/Appellees*

Community Legal Services, Phoenix
By Pamela Bridge, Jeffrey A. Katz, Robin L. Dugas
*Counsel for Defendant/Appellant*

---

**MEMORANDUM DECISION**

Presiding Judge Michael J. Brown delivered the decision of the Court, in which Judge D. Steven Williams and Judge Daniel J. Kiley joined.

---

**B R O W N,** Judge:

¶1        Justin Olson appeals a superior court judgment finding him guilty of forcible detainer and granting possession of a house to Jake and Torie Voliner.  For the following reasons, we vacate the judgment and remand for dismissal of the complaint.

## BACKGROUND

¶2        In June 2022, the Voliners agreed to sell a house ("Property") to Olson for $510,000.  Both parties signed a preprinted document titled Seller Financing Addendum Consumer Credit Transaction Secured By A Dwelling ("Agreement"), which outlined the details of the transaction.  As far as the record reveals, the Agreement is the only signed document memorializing the parties' contractual relationship.

¶3        Under the Agreement, Olson would make a non-refundable $75,000 down payment, with the Voliners financing the rest of the purchase price.  Olson needed to make monthly interest-only payments of $2,356.25, and after five years the remaining $435,000 would become due.  Olson was also required "to execute" a note and deed of trust, with the deed being recorded "at the Close of Escrow."  If the Property was transferred in any way, the "unpaid balance" would be "immediately due and payable."  And if Olson defaulted, the Voliners could (1) exercise their "power of sale in order to recover legal title" and (2) "initiate a forcible entry and detainer action to recover physical possession."  Finally, a trustee's sale could not be conducted any earlier than 90 days from the recording of a notice of trustee's sale.

¶4        Olson made the $75,000 down payment but neither a promissory note nor a deed of trust was executed.  The record contains no evidence of a close of escrow or recording of a deed.  In May 2023, Olson stopped making monthly payments, and between August 22 and September 7, the Voliners recorded three notices of election to forfeit.  On October 5, they recorded an affidavit of completion of forfeiture and served

Olson with a five-day notice to vacate several days later. The Voliners then filed a forcible detainer complaint in the superior court, seeking Olson's removal from the Property under A.R.S. § 12-1173.01(A)(3) (authorizing removal of a person who retains possession after forfeiture of the property through a contract for conveyance).

¶5 In Olson's answer, he sought dismissal of the complaint, explaining that the forfeiture statutes were inapplicable because the Agreement contemplated a secured loan and that title was to be transferred immediately, "not when the final payment was made." Olson claimed that the Voliners have no right to evict under § 12-1173.01(A)(3) because they were trying to receive the "benefit of a contract or related statutory remedies for which they never bargained." Olson asserted that because the Voliners never prepared or recorded a deed transferring the title, they were improperly treating the transaction as a contract under the forfeiture statutes to shorten the time for Olson to reinstate the loan, "rather than proceeding by a Trustee Sale as set forth in the Agreement." Olson therefore contended that because the parties disputed title to the Property, the complaint must be dismissed because only the right to possession can be decided in eviction actions. He also noted that a quiet title action governing the title dispute was pending in the superior court.

¶6 At the subsequent forcible detainer hearing, in response to a question from the superior court about compliance with the forfeiture process, Olson clarified that he was not challenging the forfeiture process itself; instead, "[a]ll we're saying is that the forfeiture statutes do not apply here [and the Voliners] do have remedies under the [A]greement that's signed by the parties, but forfeiture is just not one of them; and therefore, they can't evict [Olson] under § 12-1173.01(A)(3)."

¶7 After further discussion, the court denied Olson's oral motion to dismiss, finding that his "argument [is] regarding title," which cannot be litigated in a forcible action. The court then found Olson guilty of forcible detainer under "§ 12-117[3].01(A)(3)" and granted possession of the Property to the Voliners. The court also awarded the Voliners $5,947 for rental value, attorneys' fees, and costs.

¶8 Olson timely appealed, and, on the parties' stipulation of a supersedeas bond, the court stayed enforcement of the judgment until the resolution of this appeal. We have jurisdiction under A.R.S. § 12-2101(A)(1).

**DISCUSSION**

**¶9** Olson argues that the superior court erred by denying his motion to dismiss because the Agreement he signed was a "purchase contract" and thus the Property was not subject to forfeiture under § 12-1173.01(A)(3). The Voliners contend the court correctly rejected Olson's attempt to interject his contract interpretation arguments that have been raised in the quiet title action. Because the material facts are undisputed, we determine de novo whether the court correctly applied the law to those facts. *In re Estate of Headstream*, 214 Ariz. 530, 532, ¶ 9 (App. 2007).

**¶10** A person who "retains possession of any land" after receiving a "written demand of possession may be removed through an action for forcible detainer . . . [i]f the property has been forfeited through a contract for conveyance of real property pursuant to title 33, chapter 6, article 3." A.R.S. § 12-1173.01(A)(3). Section 33-741(2) defines a "contract" as:

> [A] contract for conveyance of real property, a contract for deed, a contract to convey, an agreement for sale or any similar contract through which a seller has conveyed to a purchaser equitable title in property and under which the seller is obligated to convey to the purchaser the remainder of the seller's title in the property, whether legal or equitable, on payment in full of all monies due under the contract. This article does not apply to *purchase contracts and receipts, escrow instructions or similar executory contracts which are intended to control the rights and obligations of the parties to executory contracts pending the closing of a sale or purchase transaction.*

(Emphasis added.) Thus, seller-financed real estate transactions, where the seller transfers title to the buyer upon close of escrow and *before* receiving payment in full, are "purchase contracts" that are not subject to forfeiture under § 12-1173.01(A)(3). Such transactions do not enable the seller to bring a forcible detainer action until completion of foreclosure proceedings, typically pursuant to a deed of trust sale. In contrast, a contract that does not transfer title until *after* payment in full is subject to forfeiture under § 12-1173.01(A)(3) and thereby gives the seller the right to pursue a forcible detainer under that specific authority.

**¶11** Olson argues the Agreement was a "purchase contract" because it did not allow the Voliners to "hold back title to [the Property] until Olson remitted payment in full" and so the court erred in implicitly

4

holding that the Agreement was a "contract" as defined under § 12-1173.01(A)(3). Olson contends the court needed to ascertain whether the Agreement was, "of itself, subject to eviction." As best we can tell, the Voliners suggest that because neither a promissory note nor a deed of trust was signed, and no deed was recorded, the Agreement transformed from a purchase contract to one that permitted forfeiture of Olson's purported ownership interest and thus provided the legal basis for evicting him. But the Voliners cite no authority supporting that theory and we are aware of none.

¶12            The purpose of a forcible detainer action is "to provide a summary, speedy and adequate means for obtaining possession of [a] premises." *Colonial Tri-City Ltd. v. Ben Franklin Stores, Inc.*, 179 Ariz. 428, 433 (App. 1993). The right of actual possession is the only issue to be decided, and the court may not inquire into the merits of title. A.R.S. § 12–1177(A); *Curtis v. Morris*, 186 Ariz. 534, 534–35 (1996). The plaintiff has the burden of proof to support his claim for possession. *Montano v. Luff*, 250 Ariz. 401, 405, ¶ 12 (App. 2020).

¶13            Arizona courts have recognized that a forcible detainer action should be dismissed when there is a dispute over "an issue whose resolution is a *prerequisite* to determining which party is entitled to possession." *Colonial Tri-City*, 179 Ariz. at 433. Yet the *Colonial Tri-City* "holding does not mean that every defendant can avoid the summary [forcible detainer] proceedings simply by denying" the existence of a prerequisite; instead, "[t]here must be a genuine dispute." *RREEF Mgmt. Co. v. Camex Prods., Inc.*, 190 Ariz. 75, 79 (App. 1997) *superseded on other grounds by* A.R.S. § 33-1315(A)(2)).

¶14            In *Colonial Tri-City*, this court held that the trial court erred by not dismissing a forcible detainer action because there was a dispute over whether the requisite landlord-tenant relationship existed. 179 Ariz. at 433 ("The issue in a [forcible detainer] proceeding . . . is not whether the parties have *created* a landlord and tenant relationship but whether an *already existing* lease should be terminated and possession awarded to the landlord because of the tenant's breach of lease or nonpayment of rent."). The existence of such a relationship was a prerequisite, and part of the plaintiff's burden of proof, for establishing the right to possession of the subject property. *Id.*

¶15            The Voliners needed to prove the allegations of their complaint, which included showing that their relationship with Olson stemmed from an agreement that allowed forfeiture. Stated differently,

whether the Agreement met A.R.S. § 12-1173.01(A)(3)'s definition of "contract" was a prerequisite for concluding that the Voliners were entitled to actual possession of the Property. *See Olds Bros. Lumber Co. v. Rushing*, 64 Ariz. 199, 205–06 (1946) (explaining that "if the plaintiff failed to establish a [landlord-tenant] relationship or his right to possession then the Justice of the Peace should have dismissed the complaint"); *E-Z Livin' Mobile Sales, Inc. v. Van Zanen*, 26 Ariz. App. 363, 365 (1976) ("We think the trial court was justified in finding that the case was not one of a landlord tenant relationship but rather a vendor-vendee relationship, and as such, forcible entry and detainer action will not lie.").

¶16        Olson, in turn, was not required to prove that the Voliners are legally precluded from obtaining possession through a forcible detainer action based on their purported forfeiture of the Property. Instead, he needed to show a genuine dispute exists on whether the Voliners met the statutory prerequisite (forfeiture through a contract for conveyance of real property under § 12-1173.01(A)(3)) for removing Olson from the property through a forcible detainer action. Thus, we do not decide here whether (1) the Agreement is a purchase contract, which would not permit forfeiture, or (2) a contract for conveyance, which would allow forfeiture along with a forcible detainer action for regaining possession.

¶17        Given the narrow record before us and the parties' competing arguments, we hold that a genuine dispute exists on whether the Voliners met the statutory prerequisite (forfeiture through a contract for conveyance of real property under § 12-1173.01(A)(3)) for removing Olson from the property through a forcible detainer action. *See Colonial Tri-City*, 179 Ariz. at 433. The court therefore erred by failing to dismiss the forcible detainer complaint. *See RREEF Mgmt. Co.*, 190 Ariz. at 78 (explaining there was "a genuine issue of fact not suited to the [forcible detainer] process, but one that must be left to an ordinary civil action, in which time periods are not accelerated, counter- and crossclaims are allowed, and there is an opportunity for discovery"); *Hepler Fam. Tr. v. Hepler*, 1 CA-CV 21-0709, 2023 WL 1860514, at *2, ¶ 11 (Ariz. App. Feb. 9, 2023) (mem. decision) ("Summary relief is, quite logically, unavailable [in a forcible detainer action] if there is a material predicate dispute regarding the nature of the parties' relationship."). Given our holding, we need not address Olson's alternative argument that the action should have been dismissed because the Voliners "did not timely file the Affidavit of Completion of Forfeiture."

¶18        Both parties request an award of attorneys' fees under A.R.S. § 12-341.01(A), which provides that in an action arising out of contract, a court may award the successful party reasonable attorneys' fees. Because

the Voliners have not prevailed on appeal, we deny their request. In our discretion, we award Olson reasonable attorneys' fees incurred on appeal, together with taxable costs, subject to compliance with ARCAP 21.

**CONCLUSION**

**¶19** We vacate the superior court's judgment finding Olson guilty of forcible detainer and remand with directions to dismiss the complaint.



AMY M. WOOD • Clerk of the Court
FILED:     AGFV