NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

---

NCR INVESTMENTS, LLC, *Plaintiff/Appellee,*

*v.*

KATHLEEN MAXFIELD, *Defendant/Appellant.*

No. 1 CA-CV 24-0748

FILED 10-23-2025

---

Appeal from the Superior Court in Maricopa County
No. CV2024-015810
The Honorable Richard F. Albrecht, Commissioner

**AFFIRMED**

---

COUNSEL

Fowler St. Clair PLLC, Scottsdale
By Brian C. Locker, Lily M. Pederson
*Counsel for Plaintiff/Appellee*

Kathleen Maxfield
*Defendant/Appellant*

---

**MEMORANDUM DECISION**

Judge Andrew M. Jacobs delivered the decision of the Court, in which Presiding Judge D. Steven Williams and Judge Michael S. Catlett joined.

---

**J A C O B S**, Judge:

**¶1**        Kathleen Maxfield appeals the superior court's judgment finding her guilty of forcible detainer at the property located at 135 North 132nd Place, Chandler, Arizona 85225 ("the Property") and awarding NCR Investments, LLC ("NCR") immediate and exclusive possession of the Property.  Because Maxfield's arguments lack record support or are not proper in a forcible detainer action, we affirm.

## FACTS AND PROCEDURAL HISTORY

### A.        Maxfield Deeds the Property to Her Niece While Leasing It Back Subject to an Obligation to Maintain It.

**¶2**        In December 2017, Maxfield conveyed the Property to her niece, Alexis Nelson, by a quitclaim deed.  In February 2018, Nelson leased the Property back to Maxfield for a five-year term.  The lease gave Maxfield the option to extend the lease for a further five-year term.

**¶3**        The lease provided that Maxfield would possess the Property subject to her duty to maintain it.  If Maxfield allowed the Property to deteriorate below "rentable condition" within the meaning of Phoenix city ordinances, or if Maxfield otherwise failed to maintain the Property in compliance with applicable local "laws, ordinances, and regulations," the lease would terminate.  The lease gave Maxfield ten days to cure any breach of its terms.  Nothing in the lease barred Nelson from selling the Property.

### B.        NCR Buys the Property From Nelson and Seeks to Terminate the Lease for Failure to Maintain the Property.

**¶4**        In February 2022, Nelson sold the Property to NCR.  The record is silent as to whether Maxfield exercised her option to extend the lease for five additional years, but the parties all behave as if she did.

2

¶5        On April 11, 2024, the City of Chandler notified NCR that overgrown grass and weeds on the Property violated City Ordinance 30-18(G). Nathan Randleman, NCR's sole member, visited the Property and documented the overgrown grass and weeds, a deteriorating roof with missing shingles, and spray paint on the front of the home and mailbox. Chandler's notice of violation directed NCR to take corrective action before reinspection two weeks later. Neither NCR nor Maxfield took such action.

¶6        One month after receiving the Notice of Violation, NCR served on Maxfield a notice of its intent to terminate the lease ("the Notice"). NCR's Notice cited as cause breaches of the lease and the Arizona Landlord Tenant Act. The Notice instructed Maxfield to correct the Property's condition within 10 days or to vacate it. Again, Maxfield took no action.

### C.        NCR Filed a Forcible Detainer Action Against Maxfield.

¶7        NCR filed a forcible detainer action seeking to evict Maxfield from the Property. NCR alleged she breached the lease and violated the Arizona Landlord Tenant Act. Maxfield answered and admitted she transferred the Property to Nelson. But she denied the validity of the lease and the validity of Nelson's conveyance of the Property to NCR, alleging those transactions were fraudulent.

¶8        On July 25, 2024, Maxfield and NCR appeared for a bench trial. NCR offered evidence of: (1) the Property's transfer from Nelson to NCR; (2) the lease between Nelson and Maxfield; (3) the Notice of Violation from the City of Chandler; (4) the Notice; and (5) the Property's condition after the Notice of Violation and at the reinspection date.

¶9        Maxfield introduced no evidence. She claimed not to be the Kathleen Maxfield named in the suit. She argued the Property belonged to her because Nelson could not lawfully convey it to NCR. She argued the lease offered into evidence was "untruthful" and objected to the "truthfulness" of NCR's photographs of the Property's condition.

¶10        The superior court found Maxfield guilty of forcible detainer. It entered judgment granting NCR possession of the Property, and awarded NCR $14,457.12 in attorneys' fees and $611.52 in costs.

¶11        Maxfield timely appealed. We have jurisdiction. Ariz. Const. art. 6, § 9; A.R.S. § 12-2101(A)(1).

**DISCUSSION**

**¶12**         "Forcible entry and detainer is a statutory proceeding whose object is to provide a summary, speedy and adequate means for obtaining possession of premises by one entitled to actual possession." *Colonial Tri-City Ltd. P'ship v. Ben Franklin Stores, Inc.*, 179 Ariz. 428, 433 (App. 1993).  A forcible detainer exists when "[a] tenant . . . whose tenancy has been terminated retains possession after his tenancy has been terminated or after he receives written demand of possession by the landlord."  A.R.S. § 12-1173(1).

**¶13**         A forcible detainer proceeding determines *only* "the right of actual possession."  A.R.S. § 12-1177(A).  The "merits of title" cannot be litigated in a forcible detainer proceeding, but "title may be proved as a matter incidental to showing right of possession by an owner."  A.R.S. § 12-1177(A); *Andreola v. Ariz. Bank*, 26 Ariz. App. 556, 557 (1976).  The defendant in a forcible detainer proceeding may dispute the issue of possession, including by challenging the validity of title if that validity is a "*prerequisite* to determining which party is entitled to possession."  *Colonial Tri-City Ltd. P'ship*, 179 Ariz. at 433.  But "no counterclaims, offsets or cross complaints are 'available either as a defense or for affirmative relief in such action.'" *United Effort Plan Tr. v. Holm*, 209 Ariz. 347, 351 ¶ 21 (App. 2004) (quoting *Old Bros. Lumber Co. v. Rushing*, 64 Ariz. 199, 205 (1946)).

**¶14**         We review the superior court's factual findings after a bench trial for clear error.  Ariz. R. Civ. P. 52(a)(6).  Factual "[f]indings are clearly erroneous if they are not supported by reasonable evidence." *In re Isler*, 233 Ariz. 534, 537 ¶ 3 (2014).  And "[w]e view the evidence and all reasonable inferences in the light most favorable to sustaining the superior court's ruling." *Town of Marana v. Pima Cnty.*, 230 Ariz. 142, 152 ¶ 46 (App. 2012).  We review the superior court's legal conclusions *de novo.  Norgord v. State ex rel. Berning*, 201 Ariz. 228, 230 ¶ 4 (App. 2001).

**I.**    **Maxfield Waived Her Arguments By Failing to Develop Them With Citations to the Record or Authorities and By Omitting to Provide a Trial Transcript.**

**¶15**         As NCR notes, Maxfield's submissions in this court do not comply with Arizona Rule of Civil Procedure ("ARCAP") 13.  *See* ARCAP 13(a)(7), (d); *Ramos v. Nichols*, 252 Ariz. 519, 522 ¶ 8 (App. 2022) ("An appellant who fails to make a 'bona fide and reasonably intelligent effort to comply with the rules' will waive issues and arguments 'not supported by adequate explanation, citations to the record, or authority.'") (quoting *In re*

*Aubuchon*, 233 Ariz. 62, 64-65 ¶ 6 (2013)). By not citing the record, and further, by not developing legal arguments with citation to authorities, Maxfield waives her arguments against the judgment. *See* ARCAP 13(a)(7), (d); *Polanco v. Indus. Comm'n*, 214 Ariz. 489, 491 ¶ 6 n.2 (App. 2007) (finding argument waived where plaintiff cited no relevant supporting authority and did not develop argument). In a related vein, Maxfield filed documents in this Court that are not included in the record, seeking to support her claim to own the Property. But we are not allowed to consider them, because our review is limited to the record. *Cf.* ARCAP 13(d); *GM Dev. Corp. v. Cmty. Am. Mortg. Corp.*, 165 Ariz. 1, 4-5 (App. 1990).

**¶16** NCR also argues that Maxfield waives any argument that the trial transcript would not support the judgment by failing to furnish this Court with a transcript. NCR is correct. ARCAP 11(c)(1)(B) ("If the appellant will contend on appeal that a judgment, finding or conclusion is unsupported by the evidence or is contrary to the evidence, the appellant must include in the record transcripts of all proceedings containing evidence relevant to that judgment, finding or conclusion."); *Kline v. Kline*, 221 Ariz. 564, 572 ¶ 33 (App. 2009) ("When no transcript is provided on appeal, the reviewing court assumes that the record supports the trial court's decision.") (quoting *Johnson v. Elson*, 192 Ariz. 486, 489 ¶ 11 (App. 1998)). Despite these waivers, we may elect to review the merits of Maxfield's appeal, *see State v. Smith*, 203 Ariz. 75, 79 ¶ 12 (2002), and we do.

## II. Maxfield's Arguments Against the Judgment Fail.

### A. Maxfield Did Not Support Her Claim NCR Lacked Title.

**¶17** Maxfield's primary issue appears to be her contention that Nelson misled her about the terms of the lease, and that under the lease, Nelson lacked title to the Property, and she could not have conveyed it to NCR. There are three problems with that argument. *First*, Arizona law bars any inquiry into the merits of title within a forcible detainer proceeding. A.R.S. § 12-1177(A). *Second*, even though a genuine dispute as to NCR's title would require dismissal of a forcible detainer action so that dispute could be resolved in separate civil litigation, *see United Effort Plan Tr.*, 209 Ariz. at 351 ¶ 24, Maxfield submitted no evidence in the superior court that NCR did not own the Property. *Third*, as noted, Maxfield cannot question NCR's ownership by submitting to us evidence she failed to introduce in the superior court. *GM Dev. Corp.*, 165 Ariz. at 4-5.

**¶18** Maxfield remains free to litigate her claim that she owns the Property in a civil action like the one she filed against NCR in September

2024. *See Old Bros. Lumber Co.*, 64 Ariz. at 205 ("[A] judgment in an action of forcible entry and detainer is not a bar to a subsequent proceedings [sic] between the same parties in a quiet title suit."). But her arguments about title fail to demonstrate any error by the superior court.

### B.     NCR Demonstrated its Right to Possession.

**¶19**     The superior court's finding that NCR had the superior right of possession is supported by reasonable evidence. While arguing we should assume the transcript supported the judgment because Maxfield did not provide it, NCR provided us with the transcript, curing that omission. From it, we see that NCR introduced evidence in the superior court that: (1) NCR bought the Property from Nelson; (2) Maxfield and Nelson were in a landlord-tenant relationship governed by the lease; (3) Maxfield breached the lease by failing to comply with Chandler City Code 30-18(G); and (4) NCR complied with the procedural requirements of a forcible detainer action against Maxfield. The record thus demonstrates that NCR was a property owner that timely served Maxfield with a proper termination notice and allowed her an opportunity to cure. *See* Ariz. R.P. Evic. Act. 11(a) (requiring superior court to determine whether property owner timely served a proper termination notice and allowed an opportunity to cure). Again, Maxfield demonstrates no error in the judgment.

### CONCLUSION

**¶20**     For the foregoing reasons, we affirm.

**¶21**     NCR requests attorneys' fees on appeal pursuant to A.R.S. § 12-349(A)(1-3), claiming Maxfield "has brought this appeal without substantial justification, solely or primarily for delay or harassment of NCR, and with the effect of unreasonably expanding or delaying this proceeding." We agree Maxfield's appeal lacks substantial justification and unreasonably delayed the proceedings. But we deny NCR's fee request because it does not explain, nor does the record support, its assertion Maxfield appealed "solely or primarily for delay or harassment." We award NCR its costs, subject to its compliance with ARCAP 21.

